OPINION
{¶ 1} Defendant-appellant, Jason Cockrell, appeals the sentence imposed by the Fayette County Court of Common Pleas for his conviction of unlawful sexual conduct with a minor. We affirm the decision of the trial court.
 {¶ 2} On November 16, 2004, the Fayette County Sheriff's Office received a report that 28-year-old appellant had engaged in sexual relations with his 14-year-old half-sister. The next day, a detective from the sheriff's office went to speak with a witness and appellant's *Page 2 
half-sister about the incident. The witness stated that in early November 2004, he was at appellant's apartment around 6 p.m. using appellant's computer. He observed that both appellant and appellant's half-sister were intoxicated. In a written statement provided to the detective the witness wrote: "I walked into the living room to see where they were and noticed the bedroom door was cracked just a hair. I heard the unmistakable sounds of people having sex. Knowing they were the only two people there I pushed open the door and [appellant] had his sister bent over having sex with her."
 {¶ 3} The detective then interviewed appellant's half-sister. The detective discovered that in addition to being appellant's half-sister, appellant was also her legal guardian. She told the detective that they had lived at appellant's apartment for approximately two months and in early November 2004, she and appellant had been consuming alcohol which led to them having sex.
 {¶ 4} On November 22, the detective went to appellant's apartment. Appellant allowed the officer to enter the apartment. While inside, appellant showed the detective the bedroom where he and his half-sister slept. The detective "observed two beds pushed together to be the only beds in the residence," but appellant refused to talk to the officer.
 {¶ 5} Appellant was indicted on one count of unlawful sexual conduct with a minor, with the offender being more than ten years older than the victim, in violation of R.C. 2907.04(A), a felony of the third degree. Following the indictment, it was discovered that appellant's half-sister was pregnant. Following the birth of the child, appellant agreed to participate in a paternity test, which confirmed that appellant was the father. On March 27, 2006, appellant entered a guilty plea. Thereafter, the trial judge held a classification hearing and found appellant to be a sexually oriented offender pursuant to R.C. 2950.04(B). Following a pre-sentence investigation, appellant was sentenced to the maximum sentence of five years in prison. Appellant timely appealed, raising four assignments of error. *Page 3 
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "THE IMPOSITION OF THE MAXIMUM PRISON TERM FOR A SINGLE OFFENSE WAS CONTRARY TO LAW WHEN THE MAXIMUM SENTENCE WAS NOT REQUIRED FOR THE OFFENSE BY ANY PROVISION OF THE OHIO REVISED CODE."
 {¶ 8} Appellant argues in his first assignment of error that the imposition of the maximum prison term was contrary to law pursuant to R.C. 2953.08(A) because it was imposed for a single offense and no provision of the Ohio Revised Code required the sentencing court to impose the maximum sentence.
 {¶ 9} Appellant appeals pursuant to R.C. 2953.08(A), which provides, in pertinent part:
 {¶ 10} "In addition to any other right to appeal * * * a defendant who * * * pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:
 {¶ 11} "(1) The sentence consisted of or included the maximum prison term allowed for the offense by division (A) of [R.C] 2929.14, the sentence was not imposed pursuant to division (D)(3)(b) of [R.C] 2929.14, the maximum prison term was not required for the offense pursuant to Chapter 2925. or any other provision of the Revised Code, and the court imposed the sentence under one of the following circumstances:
 {¶ 12} "(a) The sentence was imposed for only one offense."
 {¶ 13} An appellate court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record, or is "otherwise contrary to law." R.C.2953.08(G)(2). Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v.Rhodes, Butler App. No. CR2005-04-0669, 2006-Ohio-2401, ¶ 4, citingState v. Boshko (2000), 139 Ohio App.3d 827, 835. *Page 4 
 {¶ 14} The prison term for a felony of the third degree ranges from one to five years. R.C. 2929.14(A)(3). Because appellant was convicted of a third-degree felony for unlawful sexual conduct with a minor, the trial court was required to impose a mandatory prison term of one to five years. R.C. 2907.04(B)(3).
 {¶ 15} Here, appellant claims his sentence is contrary to law, yet the only basis he sets forth is that the maximum sentence was imposed for a single offense and the trial court was not required to impose a maximum sentence. Appellant cites no other evidence or case law to support his contention that the sentence is contrary to law. He simply claims that since he was only guilty of a single offense and the sentencing court was not required to impose a maximum sentence, this sentence is contrary to law.
 {¶ 16} We note, as did the sentencing court, that trial courts "have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, ¶ 100. Given that the sentencing court reviewed a pre-sentence investigation report, conducted a sexual offender classification hearing, examined the circumstances of the incident in light of the statutory factors, and imposed a sentence within the statutory range, we find that appellant has failed to show by clear and convincing evidence that his sentence is contrary to law. Appellant's first assignment of error is overruled.
 {¶ 17} Assignment of Error No. 2:
 {¶ 18} "THE SENTENCE IMPOSED UPON THE DEFENDANT-APPELLANT VIOLATED THE DEFENDANT-APPELLANT'S RIGHT TO DUE PROCESS OF LAW AND A JURY TRIAL AND WAS THEREFORE IMPOSED CONTRARY TO LAW."
 {¶ 19} Appellant argues in his second assignment of error that the sentencing court violated his right to due process and a jury trial by failing to consider each factor listed within *Page 5 
R.C. 2929.12 within the context of the facts admitted by appellant. Specifically, he claims the sentencing court made findings not included in the record, did not consider that appellant had no prior felony convictions, and ignored appellant's genuine remorse.
 {¶ 20} In Foster, the Ohio Supreme Court held that certain portions of Ohio's statutory sentencing scheme are unconstitutional because they required judicial finding of facts neither proven to a jury nor admitted by the defendant. Id. at ¶ 83. As a result, the court severed the unconstitutional portions of the sentencing statute. Id. at ¶ 97-99. The court in Foster held that a sentencing court is no longer compelled to make factual findings to support a maximum sentence. Id. Rather, sentencing courts must now consider the provisions listed in R.C.2929.11 and 2929.12 as statutory factors to determine an appropriate felony sentence. State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38. R.C. 2929.11 specifies the purposes of sentencing, while R.C.2929.12 provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. Id.
 {¶ 21} Appellant urges the only admissible facts in this case are: "that in November 2004, while being twenty-eight (28) years of age, he engaged in sexual intercourse with his half sister, who was then fourteen (14) years of age and residing with him that a child was born between them." He argues that the sentencing judge is only allowed to consider appellant's prior criminal record and these facts to determine the sentence because each other allegation was not found by a jury.
 {¶ 22} Appellant argues the sentencing court violated his right to due process and a jury trial because the sentencing court made factual findings not included in the record or admitted by the appellant and did not consider the factors listed in R.C. 2929.12 in a meaningful way. Specifically, appellant claims statements made by the sentencing judge during the sentencing hearing violated his right to due process because the findings were neither admitted by appellant nor found by a jury. Additionally, appellant argues that the *Page 6 
sentencing judge incorrectly considered the seriousness and recidivism factors by not considering that appellant had no prior felony record or that the offense was not likely to recur.
 {¶ 23} Appellant's primary argument that the trial judge may only consider those facts admitted by appellant is misconstrued. To impose an appropriate sentence, a trial court may review any pre-sentence investigation report, statements by the defendant, statements by the victim, or any other evidence in the record. Mathis, 109 Ohio St.3d at ¶ 37.
 {¶ 24} In this case, appellant waived his right to a jury trial by entering a guilty plea. Before entering his plea, appellant received a full Crim.R.11 hearing and was informed by the judge that he could receive a prison sentence of up to five years. At the sentencing hearing, the trial judge stated, "the court has complied with the purposes and principles of the Ohio felony sentencing statute set forth in [R.C.] 2929.11, the overriding purpose to punish Mr. Cockrell and to protect the public of future crimes of him and others. I consider the need for his incapacitation, deterrence, rehabilitation and restitution. This sentence is commensurate with but not demeaning to the seriousness of his conduct and its impact on the victim, and it is consistent with sentences given for similar crimes by similar offenders * * * ."
 {¶ 25} The sentencing judge addressed the seriousness and recidivism factors by stating, "I consider the seriousness factors, this injury is exasperated [sic] by the victim's mental condition and her age; I find that the victim has without a doubt suffered serious psychological harm. The defendant held a position of trust, in this case a sibling relationship facilitated the offense and in fact he was granted legal custody or guardianship over his sister. I find the recidivism to be more likely. I find that in viewing the presentence investigation, talking to the probation officer, listening to Mr. Cockrell in court here that he shows no genuine remorse."
 {¶ 26} Appellant argues there is no evidence in the record to support the sentencing court's findings that the victim suffered serious psychological harm or that "the victim *Page 7 
possessed a mental condition that would make appellant's offense more serious than any other offense committed in violation of R.C. 2907.04(A)." He claims these statements cannot be substantiated because the victim did not take part in the pre-sentence investigation.
 {¶ 27} Appellant's contention is unpersuasive. There was a sufficient basis in the record for appellant's sentence. As the sentencing judge cited, in considering the sentencing factors, appellant and the victim resided together. In addition, appellant had both a familial and custodial relationship with the victim; and, as a result of appellant's criminal acts, she became pregnant. These facts were admitted by appellant and also were included in the pre-sentence investigation. The sentencing judge's basis for the seriousness of the offense was supported by the record. The sentencing judge also considered recidivism as a factor and, in contrast to appellant's claim, believed that the conduct was likely to recur due to the nature of appellant's relationship to the victim.
 {¶ 28} Finally, appellant argues the sentencing judge erred by "blatantly rejecting [his] showing of genuine remorse." A trial court may consider an offender's statement of remorse; however, a court is not required to accept the statement as true and may comment accordingly.State v. Strunk, Warren App. No. CA2006-04-046, 2007-Ohio-683, ¶ 44. In this case, it is true that appellant acknowledged that his conduct was "wrong" and made a statement of apology. It is equally true though that the sentencing judge, within his discretion, considered appellant's statement and found it to be less than genuine.
 {¶ 29} Because the sentencing judge had full discretion to impose any sentence within the statutory range and considered the purposes and principles along with the seriousness and recidivism factors to determine appellant's sentence, we conclude the sentence in this case was not contrary to law nor did it violate appellant's right to due process and a jury trial.
 {¶ 30} Appellant's second assignment of error is overruled. *Page 8 
 {¶ 31} Assignment of Error No. 3:
 {¶ 32} "THE SENTENCE IMPOSED IS CONTRARY TO LAW AS THE SENTENCING COURT VIOLATED THE DEFENDANT-APPELLANT'S RIGHTS TO DUE PROCESS AND A JURY TRIAL WHEN THE LOWER COURT SENTENCED THE DEFENDANT-APPELLANT TO THE MAXIMUM SENTENCE BASED ON THE LOWER COURT'S SUPPOSITION THAT THE DEFENDANT-APPELLANT HAD ACTUALLY COMMITTED THE OFFENSE ON MORE THAN ONE OCCASION AND HAD ACTUALLY COMMITTED A MORE SERIOUS OFFENSE."
 {¶ 33} In his third assignment of error, appellant again argues that the trial court violated appellant's right to a jury trial and right to due process. Specifically, appellant cites the following statement by the sentencing judge: "I find Mr. Cockrell's rendition of the story not believable, only you know Mr. Cockrell what went on in that house and how long it went on and how many times it went on, at the time it was discovered, and under those circumstances you are indicted only for a single count of a felony of a third degree. But for that fact, in all likelihood you could be facing up to life imprisonment if in fact anything happened earlier than it was discovered." Appellant claims this statement made by the sentencing judge violated his right to a jury trial and right to due process because the court imposed a maximum sentence based on crimes for which he was not charged.
 {¶ 34} As we noted in the previous assignment of error, a trial court is permitted to review any pre-sentence investigation report, statements of a defendant, statements of a victim, or any other evidence in the record to fashion an appropriate sentence. Mathis, 109 Ohio St.3d at ¶ 37. In addition, trial courts are permitted to refer to such information at the time of sentencing. Id.
 {¶ 35} There was a sufficient basis in the record for the imposition of the maximum sentence. As we held above, the sentencing judge had full discretion to impose the sentence *Page 9 
and correctly considered the sentencing factors. Like the previous assignment of error, the assertions by the sentencing judge at issue in this assignment of error were also based on information that was supported by the record. As part of the proceedings appellant agreed to participate in a paternity test, which confirmed that appellant was the father of the child. The sentencing judge also ordered a sexual offender classification hearing and a pre-sentence investigation. As a result, the trial court was permitted to review the evidence from each of those proceedings to impose appellant's sentence.
 {¶ 36} From those proceedings, there was evidence that the activity between appellant and his half-sister was possibly recurring. The judge was aware that the beds in appellant's apartment were pushed together. The judge also questioned whether the activity occurred on more than one occasion due to the birth date of the child. The judge cited that the child was born on June 17 following a full pregnancy term. As a result, the judge questioned whether the conduct had occurred on occasions prior to the November incident because if the child was conceived in November, it would have only been a seven-month pregnancy term. Further, the sentencing judge did not convict appellant of multiple crimes as appellant claims. Nor did the sentencing judge make a finding that appellant had "repeatedly committed" the criminal activity; rather, the judge questioned whether appellant's version of the facts was completely accurate and stated that appellant could have faced life imprisonment if the activity had repeatedly occurred.
 {¶ 37} The fact that the trial court indicated the offense may have occurred more than once and that the defendant could have been charged with a more serious offense are factors the trial court is permitted to consider as seriousness or recidivisms factor under R.C. 2929.12. The judge imposed the sentence within the statutory limits for a felony of the third degree based on the sentencing factors. Based on the foregoing, we find that the trial court did not violate appellant's right to due process and right to a jury trial. *Page 10 
 {¶ 38} Appellant's third assignment of error is overruled.
 {¶ 39} Assignment of Error No. 4:
 {¶ 40} "THE SENTENCING COURT'S APPLICATION OF STATE V. FOSTER DEPRIVED THE DEFENDANT-APPELLANT OF DUE PROCESS OF LAW IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS."
 {¶ 41} Appellant argues in his final assignment of error that appellant was subjected to an ex post facto change in the law due toFoster because the trial judge was free to impose a greater sentence than that which could have been imposed before the Foster decision. Appellant argues that the "retroactive application of the judicially amended sentencing statutes in this case changed the punishment from a presumptive one-year sentence to the maximum sentence of five years."
 {¶ 42} This court addressed and rejected this argument in State v.Doyle, Brown App. No. CA2005-11-020, 2006-Ohio-5373, citing State v.Smith, Montgomery App. No. 21004, 2006-Ohio-4405; and United States v.Jameson (C.A.7, 2005), 416 F.3d 538.
 {¶ 43} "Appellant essentially seeks the benefit of a state of law that never existed; * * * appellant was never guaranteed that he would receive the minimum prison term. However, that is the result that the appellant would have this court mandate by retroactively applying the constitutional decision in Foster while refusing to apply the remedial holding in Foster. * * * [E]ven if the remedial holding inFoster were not applied in the case of an offender who has not previously served a prison sentence, such as appellant, trial courts would have the discretion to overcome the minimum sentence pursuant to R.C. 2929.11 and R.C. 2929.12. As these statutes were in existence at the time appellant committed the crimes, [and were found to be constitutional in Foster], the appellant had sufficient warning of the potential consequences of his actions to satisfy * * * due process concerns [.]" State v. Andrews, *Page 11 
Butler App. No. CA2006-06-142, 2007-Ohio-233, ¶ 33, 34, citing State v.Paynter, Muskingum App. No. CT2006-0034, 2006-Ohio-5542, ¶ 28, 39, 40.
 {¶ 44} In the case at bar, the statutory range of punishment appellant faced before the decision in Foster was between one and five years in prison, and after Foster, appellant still faced between one and five years. Appellant was informed of the possibility of a five year sentence before entering his guilty plea. Accordingly, we once again hold thatFoster does not violate ex post facto or the due process clause. Appellant's fourth assignment of error is overruled.
 {¶ 45} Judgment affirmed.
 WALSH and BRESSLER, JJ., concur. *Page 1