OPINION *Page 2 
{¶ 1} Defendant-appellant Brenda Moore appeals the decision of the Mahoning County Common Pleas Court, which sentenced her to more than the minimum jail term. The issue on appeal is whether we must remand for resentencing where the trial court cited to R.C. 2929.14(B), which was declared unconstitutional and excised by State v. Foster109 Ohio St.3d 1, 2006-Ohio-856, and where the court made findings for deviating from a minimum sentence that were previously required by this statute. For the following reasons, we hereby conclude that the trial court's cite to an unconstitutional statute and the resulting unconstitutional limitation this created requires vacation of appellant's sentence and remand for resentencing.
STATEMENT OF THE CASE {¶ 2} On January 6, 2006, appellant pled guilty to burglary in violation of R.C. 2911.12(A)(3), a third degree felony. On March 16, 2006, appellant's sentencing hearing was held. In a March 20, 2006 entry, the court sentenced appellant to three years in prison after finding in pertinent part:
 {¶ 3} "The Court finds pursuant to R.C. 2929.14(B) that the shortest prison term possible will demean the seriousness of the offense AND will not adequately protect the public and therefore imposes a greater term."
 {¶ 4} Appellant filed timely notice of appeal from this sentencing entry. The state has not filed a response to appellant's brief.
ASSIGNMENT OF ERROR {¶ 5} Appellant's sole assignment of error provides:
 {¶ 6} "THE TRIAL COURT ERRED WHEN IT IMPOSED A NON-MINIMUM PRISON TERM ON DEFENDANT-APPELLANT BRENDA MOORE BASED UPON R.C. 2929.14(B), WHICH WAS DECLARED UNCONSTITUTIONAL BY THE OHIO SUPREME COURT."
 {¶ 7} Appellant notes that she was sentenced approximately two weeks after the Ohio Supreme Court released its Foster decision. Appellant urges that the trial *Page 3 
court's actual reliance on R.C. 2929.14(B) requires reversal of her sentence because it establishes that the trial court failed to follow the mandate of Foster. That is, reliance on an unconstitutional statute that has been excised from the code requires reversal just as in the cases where reliance on such statute occurred before Foster was decided.
LAW AND ANALYSIS {¶ 8} It is well-known that in Foster, the Ohio Supreme Court found R.C. 2929.14(B) an unconstitutional requirement of judicial fact-finding. Foster at ¶ 1 of syllabus. The Court imposed the remedy of excision and severance of R.C. 2929.14(B), as well as other provisions not at issue herein. Id. at ¶ 2 of syllabus. The Court then held that all sentences pending on direct review must be reversed and remanded for resentencing. Id. at 104, 106.
 {¶ 9} After Foster, a sentencing court has discretion to consider any factors it finds relevant. See R.C. 2929.11 (setting forth the overriding purposes of felony sentencing); R.C. 2929.12 (listing the factors to consider in felony sentencing and allowing the court to consider any other factor the court finds relevant). See, also,Foster at ¶ 42, 102, 105 (stating that courts now have full discretion to impose a prison term within the basic ranges and noting that there is no judicial fact-finding in applying the general guidance statutes). This is true regardless of whether such court-chosen factors happen to have been previously contained in the now-excised statutory provisions. See id. However, it is error and a violation of Foster to expressly cite and rely upon a statutory provision which was specifically found to be unconstitutional by the Ohio Supreme Court.
 {¶ 10} The trial court's entry reads as if the court was unaware of the Foster holding. In fact, the sentencing hearing was a mere two weeks after release of the Foster opinion. The effect of the court's entry here is analogous to the entry of a court that sentenced a defendant pre-Foster. The Ohio Supreme Court explicitly instructed us to reverse and remand for resentencing all cases pending on direct appeal.Foster at ¶ 104, 106. Where a sentencing court's language seemingly ignores the implications of Foster, we must similarly reverse and remand. *Page 4 
 {¶ 11} We cannot say that the trial court's citation to R.C.2929.14(B) was harmless. Such argument flies in the face of theFoster court's rationale and the effect of that holding. In fact, critics of Foster employ the harmless error rationale that most of the severed statutes only served to benefit the Foster defendants as they made it more difficult for the sentencing court to impose sentences that were greater than the minimum, maximum or consecutive. Yet, this principle did not deter the Ohio Supreme Court in fashioning its decision and its remedy of resentencing.
 {¶ 12} The trial court here placed a limit on itself. However, the Supreme Court's resentencing order requires that such limits be lifted as they are unconstitutional. Trial courts cannot choose to ignore (or accidentally ignore) Foster and act as if judicial fact-finding is still required. This is the case regardless of whether the fact-finding actually increases the defendant's chances for a lesser sentence.
 {¶ 13} The error is just as unconstitutional post-Foster as it was pre-Foster. Thus, one could not categorize the error as non-constitutional in order to distinguish the Foster remedy and avoidFoster's resentencing mandate. Logically, a trial court's act of restricting itself to and relying on a recently declared unconstitutional statute cannot be non-constitutional error merely because in reality the statute has been erased by the Supreme Court. The fact remains that the trial court overlooked that act of erasure. Disregarding the Supreme Court's constitutionally-required severance pronouncement is just as unconstitutional as originally applying the unconstitutional statute.
 {¶ 14} Thus, the trial court can in its new statutorily unfettered sentencing discretion consider the factors that were previously-required factual findings in order to impose what the court finds to be an appropriate sentence. However, the court cannot cite a severed and excised unconstitutional statute without calling into question whether the court actually followed the requirements of Foster. The timing of the hearing and entry within weeks of Foster further arouses our suspicions regarding the court's proper application of the new precedent.
CONCLUSION {¶ 15} It is not logical to hold that a sentence imposed prior to the Supreme Court's Foster decision must be vacated because it was imposed in reliance upon an *Page 5 
unconstitutional statute, but a sentence imposed a few weeks after theFoster decision and relying upon that same unconstitutional statute is not a proper reason to have the trial court address sentencing anew.
 {¶ 16} For the foregoing reasons, appellant's sentence is vacated and the case is remanded for resentencing as we have been doing withpre-Foster sentences. At such resentencing, the trial court should not place limits upon its sentencing discretion by engaging in unconstitutional judicial fact-finding and thus should refrain from citing invalidated statutory sections as though they still exist.
DeGenaro, P.J., dissents; see dissenting opinion.
Waite, J., concurs.