OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, Dana Wallace, appeals the decision of the Mahoning County Court of Common Pleas that found him guilty of aggravated burglary, menacing by stalking, and intimidation of a crime victim or witness and sentenced him to non-minimum, consecutive sentences. Wallace raises four arguments on appeal.
 {¶ 2} First, Wallace contends that his conviction for aggravated burglary is against the manifest weight of the evidence since the evidence shows that he had a key to enter the residence and, therefore, did not need to use force to enter the house. However, the evidence shows that there was a crash from the front door when Wallace entered the house and that the doorframe looked like it had been kicked in. Therefore, the evidence supports the jury's verdict.
 {¶ 3} Second, Wallace claims that menacing by stalking and intimidation of a crime victim or witness are allied offenses of similar import. However, when the elements of these offenses are examined in the abstract, it is clear that someone could commit either offense without committing the other. Thus, they are not allied offenses of similar import.
 {¶ 4} Third, Wallace argues that the trial court improperly admitted audiotapes of voicemail messages he purportedly left on the victim's phone because those messages were hearsay. However, out-of-court statements by a party-opponent, even if that party is a criminal defendant, are not hearsay. Accordingly, the trial court could not have excluded this evidence for the reason Wallace argues.
 {¶ 5} Finally, Wallace contends that it is unconstitutional for the trial court to give any reasons when it is imposing a sentence upon an offender. This argument is meritless since there is no caselaw preventing a trial court from making such findings. Nevertheless, the trial court committed error by mentioning former R.C. 2929.14(B) when sentencing Wallace. This court has previously held that the same mistake made in similar circumstances demanded that we remand the case for resentencing. This case cannot be principally distinguished from that. Accordingly, Wallace's sentence is vacated and this case is remanded for resentencing. *Page 2 
 Facts {¶ 6} Wallace and Hope Vanderveer were romantically involved for about eighteen months starting in 2003. In September 2003, Vanderveer gave Wallace a key to her house and he lived with her. Wallace moved out of the house in January 2004, but did not return Vanderveer's key to her. As far as Vanderveer knew in May 2005, Wallace no longer had a key to her house.
 {¶ 7} In the evening of May 6, 2005, Vanderveer received a phone call from Wallace. They got into an argument, Wallace threatened her, and Wallace told her he was going to come to her house. Wallace called back twice that evening, but did not come to Vanderveer's home. Vanderveer took her phone off the hook, secured her home, and went to bed.
 {¶ 8} The next morning, May 7, 2005, Vanderveer was awoke to a crash coming from her front door. Within seconds, she heard steps coming up the stairs to her room. Wallce burst in and began to assault Vanderveer. After Wallace left, the police and paramedics were called. Vanderveer testified that the front door, which had previously been unbroken, looked as if it had been kicked in.
 {¶ 9} Vanderveer received a series of phone calls from Wallace between May 7th and May 21st. Some days Wallace would call Vanderveer more than twenty times a day. Other days he would not call her at all. Vanderveer was threatened by the calls. Some of the calls came from the Mahoning County Jail after Wallace was arrested for his actions on May 7th.
 {¶ 10} On June 20, 2005, the Mahoning County Grand Jury indicted Wallace on one count of aggravated burglary; one count of menacing by stalking; and, one count of intimidation of a victim or witness in a criminal case. The case was tried to a jury, which found Wallace guilty on all counts. On April 4, 2006, the trial court sentenced Wallace to non-minimum, consecutive sentences totaling eleven years of imprisonment. When doing so, the trial court found "that pursuant to O.R.C. 2929.14(B) that the shortest prison term possible will demean the seriousness of the offense AND will not adequately protect the public and therefore imposes a greater term." *Page 3 
 Manifest Weight {¶ 11} In the first of four assignments of error, Wallace argues:
 {¶ 12} "The trial court erred in entering a judgment of conviction for aggravated burglary when said conviction was against the manifest weight of the evidence."
 {¶ 13} According to Wallace, the evidence shows that he had a key to the residence, so he could not be found guilty of aggravated burglary because he did not need to use force to enter the residence. Although this assignment of error mentions only manifest weight issues, his discussion includes both manifest weight and sufficiency arguments.
 {¶ 14} Arguments concerning the "sufficiency of the evidence" should not be confused with those addressing the "manifest weight of the evidence." See State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-0052, at paragraph two of the syllabus ("The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different.") "Sufficiency of the evidence" is "`a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.'" Id. at 386, quoting Black's Law Dictionary (6 Ed.1990) 1433. The relevant inquiry when determining whether the evidence is sufficient to support the verdict "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. "The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of facts." Id. at 273. Whether the evidence is legally sufficient is a question of law. Thompkins at 386.
 {¶ 15} When reviewing a manifest weight claim, this court's role is to examine whether the evidence produced at trial "attains the high degree of probative force and certainty required of a criminal conviction."State v. Getsy, 84 Ohio St.3d 180, 193, 1998-Ohio-0533. To do this, a reviewing court must sit as the "thirteenth juror" and examine the entire record, weigh the evidence and all reasonable inferences, consider the *Page 4 
credibility of witnesses, and determine whether the jury "`clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'"Thompkins at 387, quoting State v. Martin (1983) 20 Ohio App.3d 172,175. "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" Id. at 387, quoting Martin at 175.
 {¶ 16} Despite the fact that Wallace's assignment of error only addresses whether his conviction is against the manifest weight of the evidence, we will address both that subject and whether it was supported by sufficient evidence.
 {¶ 17} In this case, Wallace challenges his conviction for aggravated burglary under R.C. 2911.11(A)(1), which provides:
 {¶ 18} "No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if * * * [t]he offender inflicts, or attempts or threatens to inflict physical harm on another."
 {¶ 19} Wallace concedes that the evidence supports the jury's findings on many of these elements. The only thing he argues in this assignment of error is that there is no evidence that he entered the residence by force, stealth, or deception. The State disagrees, arguing that Wallace used force to trespass in a separately secured or separately occupied portion of an occupied structure, namely Vanderveer's bedroom, so it is irrelevant whether he used force to enter the residence.
 {¶ 20} The State's argument is meritless. Vanderveer testified that she heard Wallace enter the house and come up the steps toward her bedroom. However, Wallace did not need to use force, stealth, or deception to enter her bedroom since Vanderveer's bedroom door was open. Accordingly, his trespass into the bedroom cannot form the basis of his conviction for aggravated burglary.
 {¶ 21} Nevertheless, there is evidence supporting the jury's verdict. Vanderveer *Page 5 
testified that she awoke to a crash when her front door fell down. Wallace testified that it looked like the frame to her front door had been kicked out. The front door was not broken until this incident. After the crash, Vanderveer heard someone coming up the stairs to her bedroom. Wallace then entered her bedroom and began to assault her. Only seconds passed between the crash and when Wallace entered Vanderveer's bedroom.
 {¶ 22} Based on this evidence, it is certainly reasonable to conclude that Wallace was the person who caused the crash by breaking through the previously unbroken front door. This would clearly meet the element of trespass by force. Accordingly, Wallace's arguments in his first assignment of error are meritless.
 Allied Offenses of Similar Import {¶ 23} In his second assignment of error, Wallace argues:
 {¶ 24} "The trial court erred in entering judgments of conviction for intimidation of a victim in a criminal case and menacing by stalking, when under the circumstances of the case, they are allied offenses of similar import, thereby violating the Double Jeopardy clause of the Fifth Amendment."
 {¶ 25} R.C. 2941.25(A) defines when cases are allied offenses of similar import. It provides:
 {¶ 26} "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."
 {¶ 27} The test for determining if two crimes are allied offenses of similar import is a two-prong test. The first prong is whether the elements of the crimes "correspond to such a degree that the commission of one crime will result in the commission of the other." State v.Blankenship (1988), 38 Ohio St.3d 116, 117. Under this analysis, the elements of the crimes are compared in the abstract. State v.Ranee, 85 Ohio St.3d 632, 636, 710 N.E.2d 699, 1999-Ohio-291. "If the elements do not so correspond, the offenses are of dissimilar import and the court's inquiry ends — the multiple convictions are permitted." Id. at 636, 710 N.E.2d 699, citing R.C. 2941.25(B). However, if the elements *Page 6 
do so correspond, the court must move to the second prong of the test — whether the crimes were committed separately or with separate animus. Id. at 638-639, citing R.C. 2941.25(B) and State v. Jones,78 Ohio St.3d 12, 18, 1997-Ohio-0038. If the crimes were committed separately or with separate animus, the defendant may be convicted and sentenced to each of the multiple offenses. Id. at 636. But if it is determined that they were not committed separately or with separate animus then a defendant cannot be convicted and sentenced to each crime separately. Id.
 {¶ 28} In this case, Wallace was convicted of intimidation of a crime victim or witness and menacing by stalking. Intimidation of a crime victim or witness is defined as:
 {¶ 29} "No person, knowingly and by force or by unlawful threat of harm to any person or property, shall attempt to influence, intimidate, or hinder the victim of a crime in the filing or prosecution of criminal charges or an attorney or witness involved in a criminal action or proceeding in the discharge of the duties of the attorney or witness." R.C. 2921.04(B).
 {¶ 30} In contrast, menacing by stalking is defined as:
 {¶ 31} "No person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or cause mental distress to the other person." R.C. 2903.211(A)(1).
 {¶ 32} When comparing the elements of these crimes, it is clear that a person could commit menacing by stalking without intimidating a crime victim or witness. Intimidation of a crime victim or witness limits who the offense can be committed against, while menacing by stalking does not. Thus, someone could be guilty of menacing by stalking, but not guilty of intimidating a crime victim or witness. Just as clearly, a person could intimidate a crime victim, by, for example, threatening to harm the person's property, without committing menacing by stalking, since that offense does not criminalize threats to property.
 {¶ 33} When the elements of these offenses are compared in the abstract, as we must do pursuant to Rance, then it is clear that they are not allied offenses of similar import. Accordingly, Wallace's second assignment of error is meritless. *Page 7 
 Voicemail {¶ 34} In his third assignment of error, Wallace argues:
 {¶ 35} "The trial court erred when it admitted into evidence hearsay evidence of alleged voicemail messages made by defendant."
 {¶ 36} The voicemail messages Wallace refers to in his assignment of error formed the basis for his convictions for menacing by stalking and intimidation of a crime victim or witness. He contends that the content of these messages were hearsay and, therefore, inadmissible. Wallace did not raise this objection in the trial court.
 {¶ 37} Questions which are not objected to in the trial court are reviewed under the plain error standard found in Crim.R. 52(B). "`Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" State v. Manley, 71 Ohio St.3d 342, 347, 1994-Ohio-0440, quoting State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. "`Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise.'" Id., quoting State v. Moreland (1990),50 Ohio St.3d 58, 62.
 {¶ 38} Contrary to Wallace's arguments, the statements in the voicemail messages were not hearsay. "`Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). However, a statement by a party-opponent is not hearsay, even if it was an out-of-court statement. Evid.R. 801(D)(2). Out-of-court statements which can reasonably be attributed to a criminal defendant can be admitted against him at trial under Evid.R. 801(D)(2). SeeState v. Spires, 7th Dist. No. 04 NO 317, 2005-Ohio-4471, at ¶ 38;Marion v. Newell, 3d Dist. No. 9-03-54, 2004-Ohio-2363, at ¶ 6-9;State v. Early, 6th Dist. No. L-01-1454, 2004-Ohio-0474, at ¶ 35.
 {¶ 39} In this case, the voicemails can clearly be attributed to Wallace. Vanderveer testified that she had known Wallace for years and had spoken to him on the phone numerous times. She positively identified him as the person who left the voicemail. Thus, the statements could not have been hearsay. *Page 8 
 {¶ 40} The trial court did not commit plain error by failing to exclude the voicemails as hearsay. Wallace's third assignment of error is also meritless.
 Sentencing {¶ 41} In his final assignment of error, Wallace argues:
 {¶ 42} "The trial court erred when it failed to follow the precedent set forth in State v. Foster when sentencing the defendant to non-minimum and consecutive terms."
 {¶ 43} According to Wallace, the trial court is no longer allowed to give reasons or make findings in support of the sentence it imposes on a criminal defendant and that anytime it does, it violates his right to a jury trial.
 {¶ 44} Wallace's argument is based on the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-0856. InFoster, the Court found that portions of Ohio's felony sentencing scheme violated a defendant's right to a jury trial. Following the decision inBlakely v. Washington (2004) 542 U.S. 296 and United States v.Booker (2005), 543 U.S. 220, Foster concluded that it was unconstitutional for the legislature to require that courts make the findings required by R.C. 2929.14(B), (C), and (E)(4) since those findings increased an offender's sentence beyond that which could be imposed based purely on the jury's verdict. Accordingly, the Ohio Supreme Court severed those statutory sections. Id. at paragraphs two and four of the syllabus. In a companion case to Foster, the Ohio Supreme Court emphasized that Foster eliminated mandated judicial fact-finding. State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-0855, at ¶ 26.
 {¶ 45} Wallace contends that a trial court commits error when it gives reasons in support of its sentence, since it is not longer statutorily required to do so. This argument is not supported by Foster. Foster did not hold that judicial fact-finding is bad; instead, it held that legislatively mandated fact-finding is constitutionally suspect. In doing so, it merely followed the United States Supreme Court's decision in Blakely, which approved of some kinds of judicial fact-finding, even when a court is sentencing a criminal defendant. See Blakely at 308-309. Furthermore, the Ohio Supreme Court's companion case to Foster, State v.Mathis, 109 Ohio St.3d 54, 2006-Ohio-0855, held that trial courts "must carefully consider" any information presented at the hearing, any presentence *Page 9 
investigation report, and any victim-impact statement when sentencing an offender. Id. at ¶ 37-38. This implies that a trial court should give the reasons for sentencing an offender on the record, so the appellate court can review whether the trial court did, in fact, "carefully consider" the relevant statutory factors before imposing sentence.
 {¶ 46} Moreover, other appellate districts have specifically approved of this fact-finding, holding that "while judicial fact-finding is no longer required before a court imposes consecutive or maximum prison terms, such findings can be a useful aid for an appellate court in ascertaining and understanding the trial court's rationale behind its imposition of a certain sentence." State v. Kincaid, 8th Dist. No. 88362, 2007-Ohio-2228, at ¶ 48; see also State v. Cockrell, 12th Dist. No. CA2006-05-020, 2007-Ohio-1372, at ¶ 34 (Trial courts are permitted to refer to the facts they are considering when imposing a sentence upon an offender). Thus, Wallace's argument is meritless. A trial court does not commit reversible error merely because it gives its reasons for sentencing an offender to more than the minimum possible prison sentence on the record.
 {¶ 47} Nevertheless, the facts of this case are similar to the facts in State v. Moore, 7th Dist. No. 06 MA 60, 2007-Ohio-1574. In that case, the trial court held the offender's sentencing hearing on March 16, 2006, two weeks after Foster was decided, and filed a sentencing entry on March 20, 2006. In that sentencing entry, the court found "pursuant to R.C. 2929.14(B) that the shortest prison term possible will demean the seriousness of the offense AND will not adequately protect the public and therefore imposes a greater term." Id. at ¶ 3. This court reversed the trial court's decision since it was issued so soon afterFoster was decided and "reads as if the court was unaware of theFoster holding." Id. at ¶ 10. "The timing of the hearing and entry within weeks of Foster further arouses our suspicions regarding the court's proper application of the new precedent." Id. at ¶ 14.
 {¶ 48} In this case, the trial court's sentencing entry also states that it was making its findings pursuant to R.C. 2929.14(B) and the entry was issued soon after Foster was decided. We see no principled distinction between the facts of this case and those in Moore. The trial court erred when sentencing Wallace. His fourth assignment of error is meritorious. *Page 10 
 Conclusion {¶ 49} All of the arguments Wallace raises challenging the merits of his convictions are meritless. However, the trial court erred when sentencing Wallace. Accordingly, Wallace's conviction is affirmed, his sentence is vacated and this case is remanded to the trial court for resentencing.
Donofrio, J., concurs.
 Waite, J., concurs. *Page 1