[Cite as *State v. Wallace*, 2011-Ohio-4186.]


STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | CASE NO. 10-MA-94 |
| | ) | |
| DANA WALLACE, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:       Criminal Appeal from Court of Common
                                                        Pleas of Mahoning County, Ohio
                                                        Case No. 05CR573

JUDGMENT:                                    Affirmed

APPEARANCES:
For Plaintiff-Appellee                        Paul Gains
                                                        Prosecutor
                                                        Ralph M. Rivera
                                                        Assistant Prosecutor
                                                        21 W. Boardman St., 6th Floor
                                                        Youngstown, Ohio 44503-1426

For Defendant-Appellant                    Dana Wallace, pro-se
                                                        Mansfield Correctional Institution
                                                        P.O. Box 788
                                                        Mansfield, Ohio 44901-0788

                                                        Attorney Rebecca A. Royer
                                                        7920 Knauf Rd.
                                                        Canfield, Ohio 44406

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite

Hon. Mary DeGenaro

Dated: August 16, 2011

DONOFRIO, J.

{¶1} Defendant-appellant, Dana Wallace, appeals from a Mahoning County Common Pleas Court judgment resentencing him on his convictions for aggravated burglary, menacing by stalking, and intimidation of a victim in a criminal case.

{¶2} On June 20, 2005, a Mahoning County Grand Jury indicted appellant on one count of aggravated burglary, a first-degree felony; one count of intimidation of a victim or witness in a criminal case, a third-degree felony; and one count of menacing by stalking, a fourth-degree felony. The case proceeded to a jury trial where the jury found appellant guilty on all counts. The trial court later sentenced appellant to non-minimum, consecutive sentences totaling 11 years in prison.

{¶3} Appellant filed an appeal from his convictions and sentence. This court affirmed his convictions but vacated his sentence and remanded the matter for resentencing. *State v. Wallace*, 7th Dist. No. 06-MA-44, 2007-Ohio-6226.

{¶4} The trial court held a resentencing hearing on February 6, 2008. It once again sentenced appellant to an 11-year sentence consisting of six years for aggravated burglary, four years for intimidation, and 12 months for menacing by stalking. The court informed appellant that following his prison term, he would be subject to a "possible" period of postrelease control of "up to" five years.

{¶5} On December 3, 2009, appellant filed a pro se motion to vacate void sentence. He asked the court to vacate his sentence and afford him a new sentencing hearing arguing that the court improperly advised him that his postrelease control was not mandatory.

{¶6} The trial court granted appellant's motion and held a new sentencing hearing on May 5, 2010. It once again imposed the same sentence. It then correctly informed appellant that his prison term would be followed by a "mandatory" five-year period of postrelease control.

{¶7} Appellant filed a timely notice of appeal on June 4, 2010.

{¶8} Appellant's counsel has filed a no merit brief and request to withdraw as

counsel pursuant to *State v. Toney* (1970), 23 Ohio App.2d 203. In *Toney*, this court set out the procedure to be used when appointed counsel finds that an indigent criminal defendant's appeal is frivolous. The *Toney* procedure is as follows:

**{¶9}** "3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

**{¶10}** "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.

**{¶11}** "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.

**{¶12}** " * * *

**{¶13}** "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed." Id. at the syllabus.

**{¶14}** This court informed appellant that his counsel filed a *Toney* brief. Subsequently, appellant filed a pro se brief raising two assignments of error.

**{¶15}** Appellant's first assignment of error states:

**{¶16}** "DID THE TRIAL COURT ERROR WHEN IT IMPROPERLY CONDUCT[ED] A SENTENCING HEARING PURSUANT TO R.C. 2929.191 AND NOT CONDUCTING A DENOVO SENTENCING HEARING PURSUANT TO STATE V. BEZAK, * * *?"

**{¶17}** Appellant argues that the trial court should have granted him a de novo sentencing hearing because he was originally sentenced before July 11, 2006. He contends that the court failed to inform him of his appellate rights.

**{¶18}** Postrelease control for a first- or second-degree-felony offender who is

sentenced to a prison term must include a mandatory term of postrelease control to be imposed by the parole board. R.C. 2967.28(B). When imposing the sentence, the trial court must notify the offender of the proper term of postrelease control. R.C. 2929.19(B)(3)(c).

{¶19} In *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, at the syllabus, the Ohio Supreme Court determined that an offender is entitled to a de novo sentencing hearing in order for the trial court to correct a sentence that omitted the proper notice of postrelease control.

{¶20} On July 11, 2006, the General Assembly enacted R.C. 2929.191. It provides a statutory remedy to correct a failure to properly impose postrelease control. Pursuant to R.C. 2929.19, a trial court may, after conducting a hearing, correct an original sentencing judgment by entering a nunc pro tunc entry that includes a statement that the offender will be supervised under R.C. 2967.28 after the offender leaves prison and that the parole board may impose a prison term of up to one-half of the stated prison term originally imposed if the offender violates postrelease control. The hearing pertains only to postrelease control and not to the remainder of the offender's sentence.

{¶21} In *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, the Ohio Supreme Court set out the procedures for trial courts to follow depending on whether the offender's sentence was imposed before or after July 11, 2006, the effective date of R.C. 2929.191:

{¶22} "For criminal sentences imposed prior to July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall conduct a de novo sentencing hearing in accordance with decisions of the Supreme Court of Ohio.

{¶23} "For criminal sentences imposed on and after July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall apply the procedures set forth in R.C. 2929.191." Id. at paragraphs one and two of the syllabus.

{¶24} Appellant was originally sentenced on April 4, 2006, before the effective date of R.C. 2929.191. However, this court vacated that sentence in *Wallace*, 2007-

Ohio-6226, and remanded the matter for resentencing. The trial court then resentenced appellant on February 6, 2008, after the effective date of R.C. 2929.191. It was from this February 6, 2008 sentencing judgment entry that appellant filed his motion to vacate void sentence and it was this judgment entry that failed to properly advise appellant that his postrelease control term was mandatory.

{¶25} Because appellant's sentence containing the postrelease control error was not entered until after the July 11, 2006 enactment of R.C. 2929.191, the procedures set out in that statute as stated in *Singleton*, supra, apply here.

{¶26} Additionally, while the trial court did not advise appellant of his appellate rights at the February 6, 2008 hearing, in all other respects it did provide him with a de novo sentencing hearing. The court first heard from the state and appellant's counsel. (Feb. 6, 2008 Tr. 2-5). It then provided appellant with the right of allocution. (Feb. 6, 2008 Tr. 5). The court next stated that it considered the record, the oral statements, the presentence investigation report, the principles and purposes of sentencing pursuant to R.C. 2929.11, and the seriousness and recidivism factors pursuant to R.C. 2929.12. (Feb. 6, 2008 Tr. 6). The court then re-imposed its previous sentence. (Feb. 6, 2008 Tr. 7). Finally, the court properly advised appellant of his mandatory five-year term of postrelease control. (Feb. 6, 2008 Tr. 7). Thus, the trial court provided appellant with a more in depth hearing than R.C. 2929.191 requires.

{¶27} Accordingly, appellant's first assignment of error is without merit.

{¶28} Appellant's second assignment of error states:

{¶29} "AS A MATTER OF LAW THE EVIDENCE [WAS] INSUFFICIENT TO SUPPORT THE CONVICTION FOR INTIMIDATION OF A WITNESS?"

{¶30} Here appellant argues that his conviction for intimidation of a witness was not supported by sufficient evidence.

{¶31} This assignment of error is barred based on the doctrine of res judicata as dictated by *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238.

{¶32} In that case, Fischer filed an appeal from his conviction for multiple felonies. His convictions were affirmed by the appellate court. Several years later,

Fischer moved for resentencing after the Ohio Supreme Court issued *Bezak*, 114 Ohio St.3d 94 (holding that a sentence that omits a statutorily mandated postrelease control term is void) arguing the trial court had not properly advised him about postrelease control. The trial court granted Fischer a resentencing hearing where it properly notified Fischer on his postrelease control obligations and re-imposed the remainder of Fischer's sentence.

**{¶33}** Fischer appealed asserting that because his original sentence was void, his first direct appeal was not valid and this appeal was actually his first direct appeal where he was free to raise any and all issues relating to his conviction. The court of appeals disagreed, holding that Fischer's appeal was precluded under the law-of-the-case doctrine.

**{¶34}** The Ohio Supreme Court concluded that a direct appeal from a resentencing ordered pursuant to *Bezak*, supra, is not a first appeal as of right. *Fischer*, at ¶32. The Court then went through a discussion of void judgments, sentences that are contrary to law, and *Bezak*. The Court reaffirmed its holding in *Bezak* that, "'[w]hen a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void,' but with the added proviso that only the offending portion of the sentence is subject to review and correction." Id. at ¶27. The court went on to modify *Bezak*, however, holding that "[t]he new sentencing hearing to which an offender is entitled under *State v. Bezak* is limited to proper imposition of postrelease control" instead of an entirely new sentencing hearing. Id. at paragraph two of the syllabus; ¶¶28-29.

**{¶35}** The Court went on to find that because Fischer had already had the benefit of one direct appeal, he could not now raise any and all claims of error in a second, successive appeal. Id. at ¶33. Thus, the Court held:

**{¶36}** "Although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence.

**{¶37}** "The scope of an appeal from a resentencing hearing in which a

mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing." Id. at paragraphs three and four of the syllabus.

{¶38} Like Fischer's sentence, appellant's sentence was only void as to the extent the trial court improperly advised him regarding his postrelease control obligation. The trial court recognized its error, granted appellant a resentencing hearing where it corrected its error, and re-imposed the same sentence. Now, on appeal, appellant is limited to raising issues that arose at the resentencing hearing. Res judicata precludes him from asserting any issues he raised, or could have raised, in his first direct appeal including sufficiency of the evidence.

{¶39} Accordingly, appellant's second assignment of error is without merit.

{¶40} The appeal here stems from a new hearing pursuant to R.C. 2929.191 to correct the court's previous error regarding the information it gave to appellant about postrelease control. Thus, appellant was limited to only raising errors that arose at the resentencing hearing. This he did in his first assignment of error. As the trial court properly informed appellant of his mandatory five-year term of postrelease control, there are no other potential errors he can now assert.

{¶41} For the reasons stated above, the trial court's judgment is hereby affirmed. Counsel's motion to withdraw is granted.

Waite, P.J., concurs.

DeGenaro, J., concurs.