OPINION
{¶ 1} Defendant-Appellant, Michael Billingsley, appeals the judgment of the Putnam County Court of Common Pleas, re-sentencing him to a seven-year prison term. On appeal, Billingsley argues that the trial court imposed a sentence pursuant to a judicially-created version of Ohio sentencing laws that, applied retroactively, violated his right to freedom from ex post facto laws. For the reasons articulated inState v. McGhee, 3d Dist. No. 17-06-05, 2006-Ohio-5162, we affirm the judgment of the trial court.
 {¶ 2} In February 2001, the Putnam County Grand Jury indicted Billingsley on one count of possession of drugs in violation of R.C.2925.11(A),(C)(1)(a), a felony of the fifth degree; one count of possession of drugs in violation of R.C. 2925.11(A),(C)(4)(a), a felony of the fifth degree; one count of possession of drugs in violation of R.C. 2925.11(A),(C)(7)(a), a felony of the fifth degree; and, one count of illegal manufacturing of drugs in violation of R.C.2925.04(A),(C)(2), a felony of the second degree.
 {¶ 3} In July 2001, Billingsley pled not guilty to all counts of the indictment. Subsequently, he withdrew his plea of not guilty and entered a negotiated plea of guilty to the count of illegal manufacturing of drugs in violation of R.C. 2925.04(A),(C)(2), a felony of the second degree, in exchange for a dismissal of the remaining counts of the indictment. *Page 3 
 {¶ 4} In September 2001, the trial court sentenced Billingsley to a seven-year prison term with credit for time served and ordered the prison term to run concurrently with sentences imposed in Allen County and Paulding County.
 {¶ 5} In December 2004, Billingsley moved for an allowance of a delayed appeal under App.R. 5(A), which this Court overruled. Subsequently, Billingsley appealed to the Ohio Supreme Court.
 {¶ 6} In September 2005, the Supreme Court declined to accept Billingsley's appeal and dismissed it. See State v. Billingsley,106 Ohio St.3d 1505, 2005-Ohio-4605.
 {¶ 7} In October 2005, Billingsley moved for the Supreme Court to reconsider his appeal, which the Supreme Court granted, see State v.Billingsley, 106 Ohio St.3d 1559, 2005-Ohio-5531, and stayed the case pending resolution of its upcoming State v. Quinones and State v.Foster cases. See State v. Billingsley, 106 Ohio St.3d 1460,2005-Ohio-3490.
 {¶ 8} In May 2006, the Supreme Court reversed and remanded Billingsley's case to the trial court for re-sentencing pursuant toState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 9} In July 2006, the trial court re-sentenced Billingsley to a seven-year prison term, to run concurrently with his sentences imposed in Allen County and Paulding County. *Page 4 
 {¶ 10} It is from this judgment that Billingsley appeals, presenting the following assignment of error for our review.
THE SENTENCE IMPOSED ON REMAND WAS IMPOSED PURSUANT TO AJUDICIALLY-CREATED VERSION OF OHIO SENTENCING LAWS THAT, APPLIEDRETROACTIVELY TO MR. BILLINGSLEY, VIOLATED HIS RIGHT TO FREEDOM FROM EXPOST FACTO LAWS.
 {¶ 11} In his sole assignment of error, Billingsley contends that the trial court imposed his sentence under a judicially-created sentencing law that violated the ex post facto clause. Specifically, Billingsley asserts that retroactive application of Foster violates the ex post facto clause and his right to Due Process by increasing the penalty for the offense he committed prior to Foster.
 {¶ 12} However, for the reasons articulated by this Court inMcGhee, 2006-Ohio-5162, we find no merit in Billingsley's argument that his sentence violates his due process rights.
 {¶ 13} The Supreme Court vacated Billingsley's sentence and remanded the cause to the trial court for re-sentencing based on Foster. In July 2006, the trial court re-sentenced Billingsley to the same prison term as before. We note that, as to this case, the offense occurred subsequent to the Unites States Supreme Court's holding in Apprendi v.New Jersey (2000), 530 U.S. 466, 490, which provided notice that a major shift in sentencing was likely to occur. This supports our conclusion inMcGhee that the remedy announced in Foster does not violate due *Page 5 
process. Likewise, the sentencing range for Billingsley's felony has remained unchanged, so he had notice of the potential sentence for his offense. Thus, we find Billingsley's assignment of error without merit.
 {¶ 14} Accordingly, we overrule Billingsley's assignment of error.
 {¶ 15} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW and PRESTON, JJ., concur. r *Page 1