OPINION *Page 2 
{¶ 1} Defendant-appellant Terrance Love appeals the decision of the Mahoning County Common Pleas Court which sentenced him to a maximum sentence. The issue on appeal is whether the resentencing remedy imposed by the Ohio Supreme Court in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-256 violates the prohibition on ex post facto judicial decisions and the due process clause. For the following reasons, the judgment of the trial court is hereby affirmed.
 STATEMENT OF THE CASE {¶ 2} Due to events occurring in October 1998, appellant was indicted for burglary in violation of R.C. 2911.12(A)(2), a second degree felony. He ended up pleading guilty to attempted burglary, a third degree felony. On March 25, 1999, the trial court sentenced appellant to three years of community control, including some time in a community corrections center.
 {¶ 3} On November 9, 2000, the state filed a motion to revoke community control due to the fact that appellant pled guilty in Licking County to aggravated murder and other offenses. On November 14, 2000, appellant admitted to the community control violation. The trial court then imposed a five-year maximum sentence to run consecutive to the Licking County sentence. On appeal, this court affirmed the consecutive sentence but reversed and remanded the maximum sentence due to a failure to support the sentence with a finding from R.C. 2929.14(C). State v.Love, 7th Dist. No. 00CA255, 2002-Ohio-7178, ¶ 26, 42.
 {¶ 4} On resentencing, the trial court again sentenced appellant to a maximum five year sentence to run consecutive to the Licking County sentence. On appeal, this court refused to address the consecutive sentence argument since we already affirmed such portion of the sentence. State v. Love, 7th Dist. No. 03MA19, 2004-Ohio-7062, ¶ 1, 25. We then affirmed the maximum sentence holding that the trial court sufficiently supported its maximum sentence findings with reasons. Id. at ¶ 15. On appeal to the Supreme Court, appellant's sentence was reversed and remanded for resentencing based solely upon their newFoster holding. In re Crim. Sent. Stat. Cases, 109 Ohio St.3d 313,2006-Ohio-2109, ¶ 1, 2, 13. *Page 3 
 {¶ 5} Resentencing proceeded on August 9, 2006. The trial court's sentencing entry stated that it considered the purposes and principles of sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12. The court concluded that appellant is not amenable to community control and that prison is consistent with the aforementioned purposes and principles of sentencing. The court once again sentenced appellant to five years in prison to run consecutive to the Licking County sentence. Appellant filed the within timely appeal.
 ASSIGNMENT OF ERROR {¶ 6} Appellant's sole assignment of error contends:
 {¶ 7} "THE TRIAL COURT ERRED BY IMPOSING A MAXIMUM PRISON SENTENCE."
 {¶ 8} Appellant's brief purports to set forth two issues. The first issue presented asks, "Must a court of appeals remand for resentencing if the trial court's sentence rested on factors that only a jury could find?" However, appellant fails to provide argument relevant to this issue. As the state points out, the trial court now has full discretion to sentence within the statutory range. Foster at ¶ 7 of syllabus. Sentencing courts need only consider the provisions listed in R.C.2929.11 and 2929.12 to determine an appropriate felony sentence.State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38.
 {¶ 9} Additionally, we have recently specified that a sentencing court's mention of factors that were previously required by the excised statutes is not erroneous because the trial court can now consider any factors it wants in sentencing defendants. State v. Moore, 7th Dist. No. 06MA60, 2007-Ohio-1574, ¶ 9 (but reversing where trial court also cited severed statutes as if Foster did not exist). In any event, our review of the transcript and the sentencing entry here has not unearthed the mention of any factors that were previously required under the now-excised statutes.
 {¶ 10} In fact, the Supreme Court essentially already reversed and remanded appellant's case on this issue, and the issue did not reappear at resentencing as the trial court followed the Supreme Court's directive. See In re Crim. Sent. Stat. Cases, 109 Ohio St.3d 313
at ¶ 1, 2, 13. Thus, we move to the second issue presented, which is the only issue actually briefed. *Page 4 
 {¶ 11} The second issue presented inquires: "May a defendant be resentenced pursuant to a sentencing scheme in which the presumptive minimum sentence has been eliminated subsequent to the commission of the underlying crime?" Appellant urges that the Foster resentencing remedy violates the prohibition on ex post facto judicial decisions and the due process clause that supports this prohibition. Specifically, he complains that the Foster severance remedy changes the presumptive sentence to the detriment of defendants, noting that Foster eliminated the prior presumption of a minimum sentence. He also claims that theFoster remedy is unconstitutional because it effectively eliminated appellate review since we no longer review whether the sentence complies with the severed provisions. See Miller v. Florida (1987), 482 U.S. 423,432 (vacating a sentence where state's revised sentencing guidelines raised the presumptive sentence and effectively eliminated the right to appeal). He concludes that the Foster holding does not prohibit us from finding the remedy unconstitutional because Foster did not specifically address the ex post facto issue. He asks us to impose a minimum sentence of one year or to remand for resentencing after imposing a minimum sentence limitation.
 {¶ 12} The state first responds that appellant waived this argument because he failed to raise it before the trial court and thus the reviewing court need not consider the issue unless it chooses to use its discretion. See In re M.D. (1988), 38 Ohio St.3d 149, 151. In the alternative, the state notes that the Ohio Supreme Court issued a directive in Foster to remand cases for resentencing where the sentencing court will have full discretion to sentence within the prior statutory range. See Foster, 109 Ohio St.3d 1, at ¶ 7 of syllabus. The state also points to appellate cases that have specifically found that the Foster remedy and a subsequent sentence to more than the minimum does not violate the ex post facto or the due process clause. See, e.g.,State v. Billingsley, 3d Dist. No. 12-06-12, 2007-Ohio-687.
 LAW ANALYSIS {¶ 13} The ex post facto clause applies to legislation rather than judicial decisions. See U.S. Const. Art. I, Sec. 10. See, also, Ohio Const. Art. II, Sec. 28. It prohibits in part laws that change the punishment and inflict greater punishment than the law annexed to the crime when committed. Rogers v. Tennessee (2001), *Page 5 532 U.S. 451. Similar restrictions have been imposed upon judicial holdings since an unforeseeable judicial enlargement of a criminal statute that applies retroactively operates just like an ex post facto law. Bouie v.Columbia (1964), 378 U.S. 347, 353. Technically, the issue regarding retroactive judicial decisions is framed in terms of a due process rather than an ex post facto violation. Rogers, 532 U.S. at 459;Garner, 74 Ohio St.3d at 57.
 {¶ 14} As the state emphasizes, appellant failed to raise this due process argument before the trial court at the sentencing hearing. By failing to raise the issue below, appellant cannot require this court to address the merits of his claim. See In re M.D., 38 Ohio St.3d at 151. See, also, State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642(Foster resentencing unnecessary if defendant sentencedpost-Blakely failed to raise judicial fact-finding issues to the sentencing court).
 {¶ 15} Even if we proceed to address the merits of this appeal, appellant's argument fails. In applying the aforementioned due process analysis to Foster, this court has previously held that theFoster remedy is not unconstitutionally retroactive. See, e.g.,State v. Palmer, 7th Dist. No. 06JE20, 2007-Ohio-1572, ¶ 75. This is the appellate court trend. See id. See, also, State v. Doyle, 12th Dist. No. CA2005-11-202, 2006-Ohio-5373, ¶ 50; State v. Smith, 2d Dist. No. 21004,2006-Ohio-4405, ¶ 33-34. The defendants in the respective cases were found to have had notice of the statutory ranges and maximums regardless of the later excision of the statutory factors. See id. See, also,State v. McGhee, 3d Dist. No. 17-06-05, 2006-Ohio-5162, ¶ 20.
 {¶ 16} In McGhee, the Third District went through the analysis in great detail. Besides concluding that the defendant was on notice of the range of sentences, which remained unchanged, they also concluded thatFoster did not affect a vested right or an accrued substantive right. Id. at ¶ 16, 23-25. Specifically, they stated that the sentencing statutes at most created a presumption of minimum, concurrent sentences. Id. at ¶ 24, citing Foster, 109 Ohio St. 3d 1 at ¶ 49.
 {¶ 17} "By its very definition a presumption is not guaranteed." Id. at ¶ 24, citing Black's Law Dictionary (7th Ed. 1999), 1368. TheMcGhee court noted that the defendant understood that his sentence is dependent upon the judge; in fact, this is *Page 6 
true even where a plea is negotiated with the prosecutor. Id. at ¶ 24. Thus, the court surmised that a presumed sentence that can be taken away without the defendant's consent is not a vested right affected byFoster. Id. The court likewise concluded that Foster did not destroy a substantial right because offenders are not entitled to expect certain sentences except those within the range. Id. at ¶ 25.
 {¶ 18} A much-cited federal circuit court decision has held similarly in analyzing the Booker remedy. In Booker, the United States Supreme Court held that the federal sentencing statutes were unconstitutional if they were mandatory and then created a remedy by declaring the guidelines advisory. United States v. Booker (2005), 543 U.S. 220. Subsequently, the Seventh Circuit found that the holding inBooker was remedial and did not violate the due process clause through an ex post facto holding. United States v. Jamison (C.A. 7, 2005), 416 F.3d 538, 539.
 {¶ 19} Besides directly ruling on the constitutionality of the retroactive remedy, courts have also disposed of such arguments by declaring their confidence that the Ohio Supreme Court would not direct them to violate the constitution. See, e.g., State v. Newman, 9th Dist. No. 23038, 2006-Ohio-4082, ¶ 11. This refers to the Supreme Court's application of its remedy to the Foster defendants and its directive to apply the Foster remedy to cases pending on direct appellate review. There is the basic rationale that we must follow mandates of the Ohio Supreme Court and that we lack the authority to declare such a mandate unconstitutional. See State v. Mills, 7th Dist. No. 06BE14,2006-Ohio-7077, ¶ 26, citing State v. Hudson (May 12, 2000), 7th Dist. No. 98CA57.
 {¶ 20} Reviewing courts generally maintain that the ex post facto issue and its related due process argument are not cognizable in the appellate courts as such courts cannot defeat a Supreme Court directive. See, e.g., Palmer, 7th Dist. No. 06JE20 at ¶ 69; State v. Moffo, 2d Dist. No. 2005-CA-131, 2006-Ohio-5764, ¶ 26; State v. Newman, 9th Dist. No. 23038, 2006-Ohio-4082, ¶ 11. Rather, the issue can only be addressed by the Supreme Court.
 {¶ 21} In conclusion, although Foster did not directly address the due process issue raised herein, the Foster remedy was not dicta, and thus, it must be followed by this court. Notably, the Ohio Supreme Court had the opportunity to address the ex *Page 7 
post facto issue which was raised to it in a reconsideration motion inFoster. State v. Foster, 109 Ohio St.3d 1408, 2006-Ohio-1703. However, the Supreme Court declined reconsideration.
 {¶ 22} For all of the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the trial court is hereby affirmed.
 Donofrio, J., concurs. Waite, J., concurs. *Page 1