OPINION
{¶ 1} Defendant-appellant, George Schewirey, appeals a decision in the Mahoning County Common Pleas Court sentencing him to a ten-year term of imprisonment following his guilty plea to one count of rape.
 {¶ 2} On December 16, 2004, Schewirey was indicted on nine counts of rape in violation of R.C. 2907.02(A). The alleged victims were the children of Schewirey's live-in girlfriend whom he subsequently married. Along with a force specification, five of those counts alleged that the victim was less than thirteen years of age which would have mandated imposition of a life term of imprisonment. R.C. 2907.02(A)(1)(b)(B).
 {¶ 3} The case proceeded to a jury trial. At the close of the state's case, Schewirey successfully moved for dismissal of one of the counts. The jury then acquitted him on three other counts. Four of the counts for which Schewirey was convicted mandated life terms of imprisonment. The fifth, a first-degree felony, resulted in a maximum sentence. Schewirey appealed his conviction and sentence to this court. State v.Schewirey, 7th Dist. No. 05 MA 155, 2006-Ohio-7054. This court reversed Schewirey's conviction and remanded the matter, concluding:
 {¶ 4} "[T]he trial court committed prejudicial error when it allowed, over objection, an expert to give an opinion on whether a child was sexually abused because the only foundation for that opinion was the child's unverified allegations. The expert's opinion was nothing more than an opinion on the veracity of the accuser, which is inappropriate and highly prejudicial." Id. at ¶ 58.
 {¶ 5} On remand, Schewirey pleaded guilty to one count of rape, amended to remove the force specification. On August 30, 2007, the trial court sentenced Schewirey to the maximum term of imprisonment — ten years. The judgment entry of sentence was filed September 4, 2007. This appeal followed.
 {¶ 6} Schewirey's sole assignment of error states:
 {¶ 7} "The trial court erred by imposing an illegal sentence."
 {¶ 8} Under the assignment of error Schewirey presents two issues for review. The first issue for review states: *Page 2 
 {¶ 9} "Must a court of appeals remand for resentencing if the trial court's sentence rested on factors that only a jury could find?"
 {¶ 10} Schewirey does not really offer any substantive argument addressed to this issue. Nevertheless, it is worth mentioning that prior to the Ohio Supreme Court's decision in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the trial court was required to make certain findings in order to sentence an offender to a non-minimum, maximum term. R.C. 2929.14(B) and (C). However, in Foster, the Court found those provisions unconstitutional because they statutorilyrequired "judicial fact-finding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant." Id. at paragraph one of the syllabus. As a remedy,Foster severed those provisions in their entirety from the statute. Id. at paragraph two of the syllabus. Now, a sentencing court has "full discretion" to sentence an offender within the statutory range and is no longer required to make findings or give its reasons for imposing non-minimum, maximum, or consecutive sentences. Id. at paragraph seven of the syllabus. A sentencing court need only consider "R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender." State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, at ¶ 38.
 {¶ 11} Also, this court has "specified that a sentencing court's mention of factors that were previously required by the excised statutes is not erroneous because the trial court can now consider any factors it wants in sentencing defendants." State v. Love, 7th Dist. No. 06 MA 130,2007-Ohio-7210, at ¶ 9, citing State v. Moore, 7th Dist. No. 06MA60,2007-Ohio-1574, ¶ 9 (but reversing where trial court also cited severed statutes as if Foster did not exist). However, as in Love, a review of the sentencing transcript and the sentencing entry in this case does not reveal the mention of any factors that were previously required under the now excised statutes.
 {¶ 12} Turning to Schewirey's second issue presented for review, it states: *Page 3 
 {¶ 13} "May a defendant be resentenced pursuant to a sentencing scheme in which the presumptive minimum sentence has been eliminated subsequent to commission of the underlying crime?"
 {¶ 14} Although Schewirey uses the word "resentenced," this case is not what is typically considered a resentencing case. This court reversed Schewirey's conviction in the previous appeal. Therefore, his sentence in that case was effectively voided. Schewirey's sentence in this case was the result of his decision to plead guilty to a reduced charge as the result of a plea bargain and not from any conviction that resulted from his previous jury trial.
 {¶ 15} Under this issue, Schewirey agues that the Foster resentencing remedy violates the prohibition on ex post facto judicial decisions and the due process clause that supports this prohibition. He also claims that the Foster remedy is unconstitutional because it effectively eliminated appellate review since we no longer review whether the sentence complies with the severed provisions. See Miller v.Florida (1987), 482 U.S. 423, 432 (vacating a sentence where state's revised sentencing guidelines raised the presumptive sentence and effectively eliminated the right to appeal). He concludes that theFoster holding does not prohibit this court from finding the remedy unconstitutional because Foster did not specifically address the ex post facto issue. He asks this court to modify his sentence to the minimum.
 {¶ 16} A review of the sentencing transcript reveals that Schewirey failed to raise this argument before the trial court at the sentencing hearing. Therefore, by failing to raise the issue below, Schewirey cannot compel this court to address the merits of his claim. State v.Love, 7th Dist. No. 06 MA 130, 2007-Ohio-7210, at ¶ 14. See, also,State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306
(Foster resentencing unnecessary if defendant sentenced post-Blakely failed to raise judicial fact-finding issues to the sentencing court).
 {¶ 17} Even if this court addresses Schewirey's argument in this regard, it fails. This court has conclusively determined in State v.Palmer, 7th Dist. No. 06-JE-20, 2007-Ohio-1572, appeal not allowed by115 Ohio St.3d 1410, 2007-Ohio-4884, *Page 4 873 N.E.2d 1315, that application of Foster does not violate the ex post facto clause or a defendant's due process of law. Palmer relied on our own precedent as well as on decisions from other Ohio appellate districts, including the Second, Third, Ninth, and Twelfth, all of which had reached similar conclusions. The reasoning is primarily two-fold. First, Ohio appellate courts are inferior in judicial authority to the Ohio Supreme Court. Therefore, they are bound by their decisions and are not in a position to declare one of their mandates as unconstitutional. Second, a criminal defendant is presumed to know that their actions are criminal if so defined by statute and the possible sentence they could face if convicted. The statutory range of punishment a criminal defendant faced before Foster is the same as they face afterFoster.
 {¶ 18} Also, this court has held:
 {¶ 19} "As the Foster court noted, once the mandatory judicial fact-finding is properly eliminated from R.C. 2929.14, `there is nothing to suggest a "presumptive term."' Foster, at ¶ 96. Therefore, the court held, the sections that `* * * either create presumptive minimum or concurrent terms or require judicial fact-finding to overcome the presumption, have no meaning now that judicial findings are unconstitutional[.]' Id. at ¶ 97. Thus, at the time that appellant committed his crimes the law did not afford him an irrebuttable presumption of minimum sentences. As such, Foster does not violate appellant's right to due process and does not operate as an ex post facto law." State v. Balwanz, 7th Dist. No. 07 BE 20, 2007-Ohio-5041, at ¶ 18, quoting State v. Fout, 10 Dist. No. 06AP-664, 2007-Ohio-619, at ¶ 6.
 {¶ 20} Moreover, subsequent to this court's decision inPalmer, the Ohio Supreme Court in State v. Payne, 114 Ohio St.3d 502,2007-Ohio-4642, 873 N.E.2d 306 explained:
 {¶ 21} "Indeed, Foster represents a Pyrrhic victory for Payne and other defendants affected by its holding. Although defendants were successful in arguing the unconstitutionality of the sections of the statutes that required judicial findings for *Page 5 
the imposition of higher than minimum sanctions, we did not adopt theirproposed remedy of mandatory minimum sentences." (Emphasis added.) Id. at ¶ 25.
 {¶ 22} Consequently, the trial court was not required to impose the minimum sentence and had the authority to impose more than the minimum sentence.
 {¶ 23} Lastly, Schewirey argues that his sentencing counsel was ineffective for failing to raise the ex post facto and due process issues. Because these arguments are meritless, counsel was not ineffective for failing to raise these arguments. In order for counsel to be ineffective, Schewirey must demonstrate counsel's performance was deficient and that deficient performance prejudiced the defense.Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus. "Trial counsel's failure to raise meritless arguments does not prejudice the defense." State v.Hogan, 7th Dist. No. 06 MA 152, 2007-Ohio-3334, at ¶ 10.
 {¶ 24} Accordingly, Schewirey's sole assignment of error is without merit.
 {¶ 25} The judgment of the trial court is hereby affirmed.
Waite, J., concurs.
DeGenaro, P.J., concurs. *Page 1