OPINION JUDGMENT ENTRY
{¶ 1} Defendant-appellant Andrew Foster appeals his sentence from the Licking County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On April 10, 2003, the Licking County Grand Jury indicted appellant on one count of breaking and entering in violation of R.C. 2911.13(A) and/or (B), a felony of the fifth degree, thirteen counts of breaking and entering in violation of R.C. 2911.13(A), felonies of the fifth degree, four counts of safecracking in violation of R.C. 2911.31(A), felonies of the fourth degree, three counts of grand theft (over $5,000) in violation of R.C. 2913.02(A)(1), felonies of the fourth degree, and one count grand theft (motor vehicle) in violation of R.C.2913.02(A)(1), a felony of the fourth degree. The Grand Jury also indicted appellant on two counts of forgery in violation of R.C.2913.31(A)(3), felonies of the fourth degree, one count of possession of cocaine in violation of R.C. 2925.11(A)(C)(4)(a), a felony of the fifth degree, and one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), a felony of the second degree.
 {¶ 3} The facts indicate that appellant, a trained locksmith, during a period of time from July 28, 2002, through March 3, 2003, broke into business establishments in Fairfield, Licking and Franklin Counties and, in some of the establishments, tampered with safes. Appellant took money from two of the establishments and also took blank checks some of which he later forged. In addition, appellant took lottery tickets, a company van and other items of property from the business establishments. In total, there were fourteen victims. At the time of his arrest, drug related materials containing at least a residue of cocaine on them were found in appellant's possession.
 {¶ 4} At his arraignment on May 12, 2003, appellant entered a plea of not guilty to the charges contained in the indictment.
 {¶ 5} Subsequently, on September 25, 2003, appellant withdrew his former not guilty plea and pled no contest to all of the charges contained in the indictment. As memorialized in a Judgment Entry filed on the same date, the trial court sentenced appellant to six months in prison on counts one through twenty-five and to two years in prison on count twenty-six. The trial court further ordered that the sentences in counts 1, 2, 3, 4, 6, 8, 10, 12, 13, 14, 17, 18, 19 and 20 were to "run consecutive to each other" and that "[c]ount 26 shall run consecutive to the counts previously listed." Finally, the trial court, in its entry, ordered that all other counts would run concurrent.
 {¶ 6} It is from the trial court's September 25, 2003, Judgment Entry that appellant now appeals, raising the following assignment of error:
 {¶ 7} "The trial court erred when it imposed consecutive sentences, but did not make the requisite findings on the record."
 I {¶ 8} Appellant, in his sole assignment of error, argues that the trial court failed to make the requisite findings for imposing consecutive sentences. We disagree.
 {¶ 9} The imposition of consecutive sentences is governed by R.C. 2929.14(E)(4), which states, in relevant part, as follows:
 {¶ 10} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 11} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 12} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 13} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 14} In imposing consecutive sentences, the trial court, at the sentencing hearing, is required to orally make its findings and state its reasons on the record. See State v. Comer,99 Ohio St.3d 467, 2003-Ohio-4165, 793 N.E.2d 473.
 {¶ 15} In the case sub judice, the trial court stated on the record as follows in sentencing appellant:
 {¶ 16} "THE COURT: The Court, in reviewing the facts and circumstances, quite frankly, is overwhelmed by the number of charges, the involvement of the defendant over the period of time, noting that this is involving multiple victims, multiple counties. Obviously the — with regard to the felony fours and felony fives, the presumption of community control is overcome. With regard to Count 26, the felony of the second degree, the presumption of prison in this case is not overcome, despite the fact that the defendant in this case does not have any prior record, again, noting the multiple victims, multiple counties, continuing course of conduct, and the utilization of his position of trust which enabled him to commit some of the offenses.
 {¶ 17} "The Court with regard to Counts 1 through 25 would sentence the defendant to six months at the Correction Reception Center. The Court orders that the counts listed by the assistant prosecutor shall run consecutive, 1, 2, 3, 4, 6, 8, 10, 12, 13, 14, 17, 18, 19, 20. Remaining counts shall run concurrently and concurrently with the previous counts that are to run consecutive. With regard to Count 26, the Court will impose the sentence of two years at the Correction Reception Center. Count 26 shall also run consecutively. Further, the Court is required to suspend the right to drive for a period of one year from today's date. The Court determines that with the sentence imposed, the defendant would be indigent. Therefore, no fine is imposed. However, he is ordered to pay the court costs in the case.
 {¶ 18} "The Court finds that consecutive sentences are necessary in this case to protect the public; to properly punish the defendant; the sentence is not disproportionate to the crimes committed. The Court finds that the criminal history of the defendant does not necessarily show that consecutive terms are needed to protect the public, but that his conduct as a result of this case does indicate that a single term would not protect the public, nor would it adequately punish the defendant, again, specifically noting multiple victims, multiple counties, continuing course of conduct. Therefore, as the Court has indicated, consecutive sentences are required in this case." Transcript of September 25, 2003, hearing at 26-28.
 {¶ 19} Based on the foregoing, we find that the trial court made the requisite findings for imposing consecutive sentences and that the trial court gave its reasons for imposing the same. The trial court specifically found that consecutive sentences were necessary to protect the public and to punish the offender. While it did not expressly find that consecutive sentences were not disproportionate to the seriousness of the conduct and to the danger appellant posed to the public, the trial court did find that appellant's sentence "is not disproportionate to the crimes committed" and that a single term would not adequately protect the public. The trial court also found that a single prison term would not adequately reflect the seriousness of appellant's conduct. Finally, the trial court gave its reasons for imposing consecutive sentences, noting that there were multiple victims and counties and that appellant had engaged in a continuing course of conduct during which the crimes were committed.
 {¶ 20} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 21} Accordingly, the judgment of the Licking County Court of Common Pleas is affirmed.
Edwards, J., Wise, P.J. and Boggins, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant.