{¶ 82} I write separately because I respectfully disagree with the majority's resolution of Appellant's first assignment of error. In that assignment of error, Appellant argues that his sentence violates his Sixth
Amendment right to a jury trial as that right has been interpreted inBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. The majority rejects this argument, primarily relying upon this court's prior decision in State v. Barnette, 7th Dist. No. 02 CA 65, 2004-Ohio-7211. I dissented from that decision and will continue to do so whenever appropriate until the Ohio Supreme Court has resolved the issue.[1]
 {¶ 83} The majority ignores the fundamental decision in Blakely, that when examining whether a defendant's right to a jury trial has been violated, the statutory maximum sentence is not the maximum possible sentence an offender can receive for a particular crime. Instead, the statutory maximum sentence for Blakely purposes is the maximum sentence that can be imposed on an offender without further factual findings by the trial court. Ohio's sentencing scheme requires that a trial court make certain factual findings before it can sentence an offender to more than the minimum possible sentence. See R.C. 2929.14(B). Thus, the statutory maximum for Blakely purposes in Ohio is the minimum prison sentence authorized by statute.
 {¶ 84} Appellant's sentence should be reversed and this case should be remanded so he can be sentenced constitutionally.
[1] These issues are currently pending before that court in the consolidated cases of State v. Foster, 5th Dist. No. 03CA95, 2004-Ohio-4209
(Supreme Court case no. 2004-1568), and State v. Quinones, 8th Dist. No. 83720, 2004-Ohio-4485 (Supreme Court case no. 2004-1771).