OPINION *Page 2 
{¶ 1} Appellant Andrew Keith Foster appeals from his re-sentencing on twenty-six felony counts in the Licking County Court of Common Pleas. The relevant facts leading to this appeal are as follows.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant was indicted by the Licking County Grand jury for one count of breaking and entering in violation of R.C. 2911.13(A) and/or (B), a fifth degree felony, thirteen counts of breaking and entering in violation of R.C. 2911.13(A), fifth degree felonies, four counts of safecracking in violation of R.C.2911.31(A), fourth degree felonies, three counts of grand theft (over $5,000.00) in violation of R.C.2913.02(A)(1) fourth degree felonies, and one count of grand theft (motor vehicle) a violation of R.C.2913.02(A)(1) a fourth degree felony. The indictment also charges appellant with two counts of forgery in violation of R.C. 2913.31(A)(3) fourth degree felonies, one count of cocaine possession in violation of R.C. 2925.11(A)(C)(4)(a), a fifth degree felony, and one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), a second degree felony. In total the indictment contained twenty-six felony counts.
 {¶ 3} After an initial plea of not guilty to all counts, appellant subsequently entered a plea of no contest to all twenty-six counts in the indictment. The trial court sentenced appellant to serve a six month prison term on counts one (1) through twenty-five (25) and two (2) years in prison on count twenty six. The court further ordered counts 1, 2, 3, 4, 6, 8, 10, 12, 13, 14, 17, 18, 19, and 20 to be served consecutively to *Page 3 
each other and consecutively to count twenty six. The remaining counts were ordered to be served concurrently. The aggregate sentence imposed was nine years.
 {¶ 4} Appellant filed a direct appeal from his conviction and sentence. On August 5, 2004, this Court affirmed the trial court decision in State v Foster, Licking App. No. 03CA95, 2004-Ohio-4209.
 {¶ 5} Appellant subsequently filed an appeal in the Ohio Supreme Court, challenging the trial court's sentence pursuant to Blakely vWashington (2004), 542 U.S. 296, 124 S. Ct. 2531, 159 L.Ed.2d 403. The Ohio Supreme Court accepted the matter for review. On February 27, 2006, the Ohio Supreme Court found selected provisions of the relevant sentencing statutes to be unconstitutional. See State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraphs one, three and five. Accordingly, the Ohio Supreme Court remanded appellant's case to the trial court for re-sentencing in accordance with the Foster
decision.
 {¶ 6} On November 13, 2006, appellant appeared before the trial court for re-sentencing. Prior to the hearing appellant filed a sentencing memorandum. In the memorandum appellant argued that the application of the sentencing statutes as amended by the Ohio Supreme Court violated the ex post facto and due process clauses of the United States and Ohio Constitutions and moved that appellant be given a minimum, concurrent sentence of two years. In the alternative, appellant requested a continuance of the sentencing hearing in order to file a motion to withdraw his no contest plea. The trial court denied appellant's motion for a continuance and re-imposed the original aggregate nine year sentence. *Page 4 
 {¶ 7} It is from this re-sentencing that appellant now seeks to appeal setting forth the following assignments of error:
 {¶ 8} "I. THE TRIAL COURT ERRED BY IMPOSING AN UNCONSTITUTIONAL SENTENCE.
 {¶ 9} "II. THE TRIAL COURT ERRED BY DENYING FOSTER'S MOTION TO WITHDRAW HIS PLEA WITHOUT CONDUCTING A HEARING."
 I {¶ 10} In his first assignment of error appellant argues that the application of the sentencing scheme as amended by State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, [hereinafter cited as"Foster"], violates the ex post facto and due process clauses of the United States and Ohio Constitutions, denies meaningful appellate review, and destroys the legislature's goal of establishing uniformity in sentencing. For these reasons appellant argues that the matter should be remanded for re-sentencing for a mandatory, minimum, concurrent two year term of incarceration. We disagree.
 {¶ 11} In State v Paynter this Court addressed and rejected appellant's ex post facto and due process arguments. State v.Paynter, 5th Dist. No. CT2006-0034, 2006-Ohio-5542. See also, State v. Ashbrook, 5th Dist. No. 2006CA00193,2007-Ohio-2325, and, State v. Rogers, Stark App. No. 2006CA00192,2007-Ohio-3677. Several other courts have also rejected the same legal argument. See, State v Doyle, Brown App. No. CA2005-11-020,2006-Ohio-5373; State v. Andrews, Butler App. No. CA2006-06-142, *Page 5 2007-Ohio-223, State v Cockrell, Fayette App. No. CA2006-05-020,2007-Ohio-1372; State v. Smith, Montgomery App. No. 21004,2006-Ohio-4405, and State v. McGhee, Shelby App. No. 17-06-05,2006-Ohio-5162.
 {¶ 12} After a comprehensive review in this case, we find nothing in appellant's argument to prompt this Court to reconsider the conclusion in Paynter. Accordingly, for the reasons stated in Paynter, we hold thatFoster does not violate the ex post facto and due process clauses of the United States and Ohio Constitutions. Furthermore, we find that the trial court was not constitutionally required to impose a statutory minimum, concurrent sentence pursuant to Foster. See also, State vSheets, Clermont County App. No. CA2006-04-032, and State v.McGhee, Shelby App. No. 17-06-02, 2006-Ohio-5162.
 {¶ 13} Appellant also argues that the trial court's retroactive application of Foster, denies appellant a meaningful appellate review and destroys the legislature's goal of establishing uniformity in the purposes and principles of sentencing. We do not find these arguments to be persuasive.
 {¶ 14} Initially we note that there is no constitutional right to an appellate review of a criminal sentence. Moffit v. Ross (1974),417 U.S. 600, 610-611, 94 S.Ct. 2437, 2444; 41 L.Ed.2d 341; State v Smith (1997),80 Ohio St. 3d 89, 1997-Ohio-355, 684 N.E.2d 668; State v.Firouzmandi, 5th Dist. No. 2006-CA-41; State v.Goggans, Delaware County App. No. 2006-CA-07-0051. In State ex rel.Bryant v. Akron Metro Park Dist., the United States Supreme Court stated that "the right of appeal is not essential to due process, provided that due process has already been accorded in the *Page 6 
tribunal in the first instance". State ex rel. Bryant v. Akron MetroPark Dist. (1930), 281 U.S. 74, 80, 50 S.Ct. 228, 230, 74 L.Ed. 710. If an accused is sentenced within the limits set by statute, and the procedure which led to the sentence was not constitutionally infirmed, then the severity of the sentence is not grounds for relief on direct review of the conviction. Townsend v. Burke (1948), 334 U.S. 736,69 S.Ct. 1252, 92 L.Ed. 1690, See also, Witherspoon v. Illinois, (1968),391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 and Gardner v. Florida
(1977), 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393.
 {¶ 15} However, constitutional and legislative guidelines exist for meaningful appellate review. Under Ohio law, and in accordance with theFoster decision, the trial court is vested with discretion to impose a prison term within the applicable statutory range. State v Mathis,109 Ohio St. 3d 54, 2006-Ohio-855, 846 N.E.2d 1. In exercising its discretion the court remains guided by the legislation designed to establish uniformity and must "carefully consider the statutes that apply to every felony case [including] R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender [and] statutes that are specific to the case itself. State v Mathis, 109 Ohio St. 3d at 62. "Therefore, post-Foster, trial courts are still required to consider the general guidance factors in sentencing decisions". See, State v. Goggans, Supra at paragraph 29.
 {¶ 16} Pursuant to constitutional guidelines an appellate court may examine a sentence to determine whether the sentence imposed is greatly excessive under traditional concepts of justice or is manifestly disproportionate to the crime or the *Page 7 
particular defendant. Woosely v. United States (1973), 478 F.2d 139; See also, State v. Goggans, Supra, and State v. Firouzmandi, Supra. An appellate court may also consider the possibility of a due process violation, where a sentence is based on an arbitrary distinction.State v. Goggans, Supra, and State v. Firouzmandi, Supra.
 {¶ 17} In this case, prior to sentencing the trial court stated as follows:
 {¶ 18} "The factual basis which was agreed to by the defendant set forth multiple charges, multiple victims, more than one county, a continuing course of conduct. Count 26 did carry a presumption of prison, which the defendant indicated that he was aware of, had been explained to him. The Court noted that at the time of sentencing that a minimum sentence would demean the seriousness of the offenses, would not adequately protect the public and would not adequately punish the defendant.
 {¶ 19} "I did review the consecutive sentences in this case because ofState v Foster, and I again determine that consecutive sentences are necessary to protect the public, to punish the defendant and are not disproportionate. The Court does not have to make those findings based on the decision of the Court.
 {¶ 20} "The Court determines that you need an explanation as to why I am sentencing. It is the duty of this Court to protect the public. It's the duty of this Court to punish a defendant where that's appropriate. It's the duty of the Court to take into consideration the victims in this case. Giving you a minimum sentence, as your counsel asked the court to do, would not take into consideration what you did, your criminal conduct. I applaud you for what you've done while you've been in prison. * * * However, that does not diminish what your conduct was to get you to prison in the first place, and *Page 8 
the court in reviewing the matter determines that the sentence that was given in this case was appropriate then and is also appropriate at the present time." (See Re-sentencing Hearing Transcript at pages 10-12).
 {¶ 21} At the time of the original conviction and sentence, the potential penalty range, for a fifth degree felony, was imprisonment for a minimum of six months up to a maximum of twelve months, and for a second degree felony the potential penalty range was for a minimum of two years up to a maximum of eight years. The potential maximum consecutive sentence which could have been imposed by the trial court was an aggregate twenty-two year term of incarceration.
 {¶ 22} However, taking into consideration the factors discussed on the record, and the law pursuant to Foster, the trial court again re-sentenced appellant to a minimum six month sentence on each of the twenty five counts of his felony five convictions and a minimum two year sentence for count 26, the second degree felony conviction. The trial court also ordered 14 of the felony four counts to run consecutively and the remainder to run concurrently for an aggregate term of seven years. The trial court further ordered the two year sentence for count 26 to run consecutively to the aggregate seven year sentences for counts 1 through 25, for a total aggregate sentence of nine years.
 {¶ 23} Clearly, the sentence imposed by the trial court was within the applicable sentencing ranges, followed the guideline legislation for the principles and purposes of sentencing and maintained the legislative intent of uniformity, punishment and protection. For these reasons we find, as previously stated, that the trial court did not *Page 9 
violate the ex post facto or due process clauses of the United States of Ohio Constitutions. We further find that the application ofFoster in this case does not unconstitutionally prohibit meaningful appellate review or destroy the legislative intent of the purposes and principles of sentencing. Accordingly, appellant's first assignment of error is hereby overruled.
 II {¶ 24} In the second assignment of error appellant argues that the trial court abused its discretion by failing to grant appellant a hearing on his motion to withdraw his guilty plea. We disagree.
 {¶ 25} Initially we note that, in appellant's memorandum of re-sentencing, appellant moved the trial court to impose a minimum concurrent two year sentence, or in the alternative, grant appellant a continuance of the sentencing hearing to file a motion to withdraw the no contest plea. On the record the trial court stated, "Mr. Foster respectfully requests that the Court continue his sentencing hearing so he may move to withdraw his plea, that request is denied." (Re-sentencing hearing transcript at page 14). Appellant argues that this was a denial of a motion to withdraw without the benefit of a hearing. Since appellant was effectively denied the opportunity to withdraw we shall address it as such.
 {¶ 26} Crim.R. 32.1 states that a pre-sentence motion to withdraw should be freely allowed and granted. State v. Xie (1962),62 Ohio St.3d 521, 527, 584 N.E.2d 715. Additionally, the "trial court must conduct a hearing to determine whether there is a *Page 10 
reasonable and legitimate basis for the withdrawal of the plea." Id. at paragraph one of the syllabus.
 {¶ 27} Although Xie states that a hearing is mandatory, it does not define the type of hearing that is required. However, we can logically determine that the hearing must comply with the minimum mandates of due process, i.e., the trial court must afford the defendant meaningful notice and a meaningful opportunity to be heard. State v. Wright (June 19, 1995), Highland App. No. 94CA853; State v Davis, Lawrence App. No. 05CA9, 2005-Ohio-5015. However, the scope of the hearing is within the trial court's discretion. Wright, Supra. "Accordingly, the scope of the hearing should reflect the substantive merits of the motion." Id., citing State v. Smith (Dec. 10, 1992), Cuyahoga App. No. 61464. "The motion to withdraw the plea must, at a minimum, make a prima facie showing of merit before the trial court need devote considerable time to it. This approach strikes a fair balance between fairness to the accused and the preservation of judicial resources." Wright. "Bold assertions without evidentiary support simply should not merit the type of scrutiny that substantiated allegations would merit." Smith, supra.
 {¶ 28} In this case, at the re-sentencing hearing, appellant argued that in order to preserve a knowing, intelligent and voluntary plea he must be re-sentenced to a minimum concurrent two year sentence. Included within this presentation, was the argument that at the time of the original no contest plea, Foster had not been decided. Appellant argued that the Foster decision modified the sentencing scheme by increasing penalties beyond a minimum, concurrent for first time offenders. Therefore, if the minimum, concurrent was not imposed, appellant should be permitted to withdraw his no contest plea as being unintelligent, involuntary and not knowledgeable of the *Page 11 
potential consequences upon a finding of guilt. Upon hearing the substance of appellant's argument to withdraw his plea, the trial court concluded that the arguments lacked merit and denied appellant's motions for a continuance and effectively denied appellant's motion to withdraw his guilty plea.
 {¶ 29} We find that the trial court provided appellant with an opportunity to be heard and sufficiently inquired into the reasons for the motion to withdraw. We further find that at the time of the plea appellant was informed about the potential sentences for each individual offense and that the potential sentencing ranges remained the same both before and after the Foster decision. Therefore, we find that the trial court did not err when it denied appellant's motions without granting a continuance of the re-sentencing and without conducting a full hearing on a motion to withdraw appellant's no contest plea. Accordingly, we overrule appellant's second assignment of error.
 {¶ 30} The decision of the Licking County Court of Common Pleas is hereby affirmed.
 Edwards, J. Farmer, P.J. and Wise, J. concur *Page 12 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1