[Cite as *State v. Thomas*, 2026-Ohio-728.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO,<br><br>    Plaintiff - Appellee<br><br>-vs-<br><br>WILLIAM THOMAS<br><br>    Defendant – Appellant | Case No. CT2025-0075<br><br><u>Opinion And Judgment Entry</u><br><br>Appeal from the Muskingum County Court of Common Pleas, Case No. CR2025-0243<br><br>Judgment:   Affirmed<br><br>Date of Judgment Entry: March 4, 2026 |

**BEFORE:** Craig R. Baldwin; Robert G. Montgomery; David M. Gormley, Judges

**APPEARANCES:** JOSEPH A. PALMER, Assistant Prosecutor, for Plaintiff-Appellee; APRIL F. CAMPBELL, for Defendant-Appellant.

*Baldwin, P.J.*

{¶1}   Appellant William Thomas appeals the trial court's denial of his motion to withdraw his guilty plea. Appellee is the State of Ohio.

**STATEMENT OF FACTS AND THE CASE**

{¶2}   On or about March 21, 2025, the appellant pulled his vehicle into a drive-through when he was struck from behind by victim R.L., a man over the age of 65.  The appellant got out of his vehicle and approached victim R.L.'s car, and R.L. stepped out of his vehicle. The appellant demanded money from R.L., who stated that he did not have any. R.L. got back into his vehicle to get his insurance information, at which time the appellant grabbed R.L.'s wallet. R.L. demanded that the appellant return his wallet, and the appellant refused. R.L. attempted to get his wallet back, but the appellant struck R.L.,

sending R.L. up against his vehicle. R.L. then fell to the ground, and the appellant began kicking him. The appellant's co-defendant took R.L.'s wallet, and the appellant took the money in R.L.'s wallet and used R.L.'s debit card. Victim R.L suffered lacerations to his face and body.

{¶3} On March 26, 2025, the appellant was indicted on the following:

Count One: Aggravated Robbery in violation of R.C. 2911.01(A)(3), a felony of the first degree, with a Repeat Violent Offender specification pursuant to R.C. 2941.149(A);

Count Three: Felonious Assault in violation of R.C. 2903.11(A)(1), a felony of the second degree, with a Repeat Violent Offender specification pursuant to R.C. 2941.149(A);

Count Four: Theft from a Person in a Protected Class in violation of R.C. 2913.02(A)(1) and (B)(3), a felony of the fifth degree; and,

Count Five, Theft in violation of R.C. 2913.02(A)(1) and (B)(2), a felony of the fifth degree.[1]

The appellant pleaded not guilty to all charges at his April 2, 2025, arraignment, and the matter was scheduled for trial. The parties thereafter entered into a plea agreement, and the trial court scheduled a change of plea hearing.

{¶4} The change of plea hearing proceeded on June 6, 2025. The appellant agreed to withdraw his not guilty plea and enter a plea of guilty to Count Three, felonious assault and the repeat violent offender specification; Count Four, theft from a person in a protected class; and, Count Five, theft. In exchange, the appellee agreed to dismiss

---

[1] Count Two of the Indictment asserted the charge of Aggravated Robbery against the appellant's co-defendant.

Count One and refrain from making a sentencing recommendation at the time of the appellant's plea. Both parties agreed that each could argue for the sentence they felt was appropriate at the time of sentencing. The appellant's trial counsel stated that he had reviewed the plea forms with the appellant, that the appellant signed the forms in his presence, and that he believed the appellant was entering his pleas knowingly, intelligently, and voluntarily. The trial court engaged in a thorough Crim.R. 11 colloquy during which it explained in detail the rights the appellant was giving up with his guilty plea, as well as the potential sentence he may receive. The appellant acknowledged his understanding of all the rights he was giving up by pleading guilty, and that he understood the potential sentence. The appellant stated that he was satisfied with his trial counsel, and stated further "I know what I'm doing." The trial court accepted the appellant's guilty plea, ordered a presentence investigation, and scheduled the matter for sentencing.

{¶5} The sentencing hearing proceeded on July 21, 2025. The appellant's trial counsel advised the trial court at the onset of the hearing that the appellant wished to withdraw his guilty plea. The trial court proceeded to address, on the record, the appellant's oral motion to withdraw his guilty plea. The appellant stated that he was pressured by his trial counsel to plead guilty, and said he was told that he would be sentenced to only two years, but wanted to withdraw his guilty plea because he "didn't get the two years flat." The trial court pointed out that the appellant had not yet been sentenced, and inquired further about the appellant's reason for wanting to withdraw his guilty plea. The appellant stated that his trial counsel never explained to him what was going on, and that he would like a jury trial. The trial court noted that it had taken the appellant's plea; had asked the appellant if he understood everything, to which the appellant had answered "yes;" had asked the appellant if there were any promises or

pressure, to which the appellant had answered "no;" and, asked the appellant, again, on what reasoning should the trial court allow the appellant to withdraw his plea. The appellant stated "[b]ecause I would like a jury trial." The appellant gave no other reason upon which to base his desire to withdraw his guilty plea. The trial court denied the appellant's request, noted the appellant's criminal history, and sentenced the appellant to 6 – 9 years in prison on Count Three, 11 months in prison on Count Four, and 11 months in prison on Count Five, all to run concurrently, for an aggregate sentence of 6 – 9 years in prison. The trial court thereafter issued an Entry memorializing the appellant's sentence.

{¶6}   The appellant filed a timely appeal in which he sets forth the following sole assignment of error:

{¶7}   "I. THE TRIAL COURT ERRED IN NOT ALLOWING THOMAS TO WITHDRAW HIS PLEA AND ERRED IN NOT SETTING A HEARING TO ADDRESS THOMAS' MOTION TO WITHDRAW HIS PLEA."

## STANDARD OF REVIEW

{¶8}   A motion to withdraw a guilty plea "is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *State v. Smith*, 49 Ohio St. 2d 261 (1977), paragraph 2 of the syllabus. Thus, our review of the trial court's decision to deny the appellant's motion to withdraw his guilty plea is based upon an abuse of discretion standard. To find an abuse of discretion, we must find that the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

## ANALYSIS

**{¶9}** Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The issue of a defendant's withdrawal of a guilty plea was addressed by the Ohio Supreme Court in the seminal case of *State v. Xie,* 62 Ohio St.3d 521 (1992). The *Xie* Court stated:

> Thus, the rule gives a standard by which postsentence withdrawals of guilty pleas may be evaluated -- the "manifest injustice" standard. However, the rule itself gives no guidelines for a trial court to use when ruling on a presentence motion to withdraw a guilty plea. Ohio's Crim.R. 32.1 is very similar to Fed.R.Crim.P. 32(d), which was construed in *Barker v. United States* (C.A.10, 1978), 579 F.2d 1219:
>
> "Even though the general rule is that motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality, * * * still the decision thereon is within the sound discretion of the trial court. * * * Thus, unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion. * * * One who enters a guilty plea has no right to withdraw it. It is within the sound discretion of the trial court to determine what circumstances justify granting such a motion. * * *" (Citations omitted.) *Id.* at 1223, quoted in *State v. Peterseim* (1980), 68 Ohio App.2d 211, 213-214, 22 O.O.3d 341, 343, 428 N.E.2d 863, 865.

*Id.* at 526. The Court held that presentence motions to withdraw should be freely and liberally given. *Id.* However, the Court also stated that such motions are not automatically

granted, as "a defendant does not have an absolute right to withdraw a plea prior to sentencing." *Id.* at 527.

**{¶10}** The issue was discussed by this Court in *State v. Foster,* 2008-Ohio-29 (5th Dist.) as follows:

> Although *Xie* states that a hearing is mandatory, it does not define the type of hearing that is required. However, we can logically determine that the hearing must comply with the minimum mandates of due process, i.e., the trial court must afford the defendant meaningful notice and a meaningful opportunity to be heard. *State v. Wright* (June 19, 1995), Highland App. No. 94 CA 853, 1995 Ohio App. LEXIS 2963; *State v Davis*, Lawrence App. No. 05CA9, 2005 Ohio 5015. However, the scope of the hearing is within the trial court's discretion. *Wright*, Supra. "Accordingly, the scope of the hearing should reflect the substantive merits of the motion." Id., citing *State v. Smith* (Dec. 10, 1992), Cuyahoga App. No. 61464, 1992 Ohio App. LEXIS 6259. "The motion to withdraw the plea must, at a minimum, make a prima facie showing of merit before the trial court need devote considerable time to it. This approach strikes a fair balance between fairness to the accused and the preservation of judicial resources." *Wright.* "Bold assertions without evidentiary support simply should not merit the type of scrutiny that substantiated allegations would merit." *Smith, supra*.

*Id.* at ¶27. The *Foster* Court went on to state:

> In this case, at the re-sentencing hearing, appellant argued that in order to preserve a knowing, intelligent and voluntary plea he must be re-sentenced to a minimum concurrent two year sentence. Included within this

presentation, was the argument that at the time of the original no contest plea, [*State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856] had not been decided. Appellant argued that the *Foster* decision modified the sentencing scheme by increasing penalties beyond a minimum, concurrent for first time offenders. Therefore, if the minimum, concurrent was not imposed, appellant should be permitted to withdraw his no contest plea as being unintelligent, involuntary and not knowledgeable of the potential consequences upon a finding of guilt. Upon hearing the substance of appellant's argument to withdraw his plea, the trial court concluded that the arguments lacked merit and denied appellant's motions for a continuance and effectively denied appellant's motion to withdraw his guilty plea.

We find that the trial court provided appellant with an opportunity to be heard and sufficiently inquired into the reasons for the motion to withdraw. We further find that at the time of the plea appellant was informed about the potential sentences for each individual offense and that the potential sentencing ranges remained the same both before and after the *Foster* decision. Therefore, we find that the trial court did not err when it denied appellant's motions without granting a continuance of the re-sentencing and without conducting a full hearing on a motion to withdraw appellant's no contest plea. Accordingly, we overrule appellant's second assignment of error.

*Id.* at ¶28-29.

{¶11} In the case sub judice, the trial court engaged in a complete and thorough Crim.R. 11 colloquy prior to accepting the appellant's guilty plea. The court outlined with

specificity the charges to which the appellant was pleading guilty and the possible sentences for each. The court also outlined with specificity the constitutionally protected rights the appellant was giving up in pleading guilty. The appellant stated on the record at the change of plea hearing that he understood the charges to which he was pleading guilty, and the rights he was giving up by entering a guilty plea, including the right to a jury trial. Indeed, the appellant specifically stated during his change of plea hearing, "I know what I'm doing."

{¶12}  When presented with the appellant's oral motion to withdraw his guilty plea, the trial court heard the appellant's arguments on the record. The court - which was the same court that presided over the change of plea hearing, conducted the Crim.R. 11 colloquy, and accepted the appellant's guilty plea - told the appellant that he had to provide the court with a reason why he wished to withdraw his plea, and asked the appellant to provide the court with that reason. The appellant, despite having discussed the waiver of his right to a jury trial at his change of plea hearing and stating that he wanted to waive that right, said "[b]ecause I would like a jury trial." The trial court denied the appellant's motion to withdraw.

{¶13} The trial court addressed the appellant's motion to withdraw during a hearing, provided the appellant with an opportunity to be heard on his motion to withdraw, and inquired into the reasons for his motion. As in *Foster,* we can logically determine that the appellant herein was provided with a meaningful opportunity to be heard. However, he "must still make a prima facie showing of merit before the trial court need devote considerable time to" his motion. See, *Foster.* We find that the trial court devoted sufficient time to the appellant's motion during the sentencing hearing to determine that the

appellant's motion to withdraw his guilty plea had no merit. Accordingly, we find his assignment of error to be without merit.

## CONCLUSION

{¶14} We find that the trial court provided the appellant with an opportunity to be heard and sufficiently inquired into the reasons for his motion to withdraw. We find further that at the time he entered his guilty plea the appellant was informed about the potential sentences for each individual offense and the potential sentencing ranges. Thus, we find that the trial court did not act unjustly or unfairly, and did not abuse its discretion in denying the appellant's motion to withdraw his guilty plea. The appellant's sole assignment of error is without merit, and it is therefore overruled. The decision of the Muskingum County Court of Common Pleas is hereby affirmed.

{¶15} Costs to appellant.

By: Baldwin, P.J.

Montgomery, J. and

Gormley, J. concur.