[Cite as *State v. Johnson*, 2011-Ohio-4954.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96064**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CHARLES JOHNSON

DEFENDANT-APPELLANT

**JUDGMENT:**
**AFFIRMED**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-539760

**BEFORE:** Stewart, P.J., Sweeney, J., and Rocco, J.

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square, Suite 1016
Cleveland, OH    44113-2098


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:    Carl Sullivan
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, P.J.:

{¶ 1} Defendant-appellant, Charles Johnson, pleaded guilty to counts of attempted intimidation of a crime victim or witness and menacing by stalking. The court sentenced him to 18 months on each count, to be served consecutively. In this appeal, Johnson primarily complains that his conviction stemmed from a violation of postrelease control in a prior case, so his imprisonment on new counts relating to that same conduct violated his right not to be placed twice in jeopardy. He also raises arguments relating to the sufficiency of the indictment and his sentencing.

I

{¶ 2} Johnson first argues that he was twice placed in jeopardy when he was sentenced by the court to a term of imprisonment after having been "violated and sentenced for a post-release control violation for the same offense." At the time these offenses were committed, Johnson was serving 120 days for violating postrelease control in a different case. During the plea colloquy in this case, the court informed Johnson that "you understand [the guilty plea] could cause additional bad things to happen to you in that PRC case number. Understood?" Johnson apparently argues that the conduct that formed the basis of the postrelease control violation was separately charged as a new criminal offense.

{¶ 3} Johnson offers no specifics regarding his prior offense and, in fact, fails to identify exactly what that offense was or the terms and conditions of his postrelease control. Instead, he cites to two brief transcript passages (one from the plea colloquy; the other from the sentencing), but neither passage read in context proves his assertions. This constitutes a failure of an appellant's obligation to exemplify a claimed error. See App.R. 12(A)(2); *State v. Stojetz,* 84 Ohio St.3d 452, 455, 1999-Ohio-464, 705 N.E.2d 329.

{¶ 4} To the extent we can apply the record supplied to us in reviewing Johnson's argument, it shows that Johnson had been incarcerated for violating the terms of his postrelease control — terms that required him to refrain from contacting the victim of his prior crime. While in jail for the postrelease control violation, he again called the victim

and harassed her. The assistant prosecuting attorney told the court that "[t]he reason he was put back in jail was to have no contact with her. Then he sent all these letters to [the victim] and contacted her from Lorain Correctional over 900 times." These acts constituted new and independent offenses separate from those acts that violated his postrelease control. Punishment for the new offense was thus unrelated to the original punishment. There is no double jeopardy violation.

## II

{¶ 5} Johnson next argues that the court erred by failing to merge the intimidation and stalking counts for sentencing because they involved the same conduct.

{¶ 6} R.C. 2941.25 states: "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."

{¶ 7} In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the supreme court stated:

{¶ 8} "In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense and commit the other with the same conduct, not whether it is possible to commit one without committing the other. *** If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import." Id. at ¶48.

**{¶ 9}** The state cites to *State v. Wallace*, 7th Dist. No. 06 MA 44, 2007-Ohio-6226, for the proposition that intimidation and stalking are not allied offenses. *Wallace*, however, was decided on then-existing precedent that required the court to consider whether the elements of the crimes when considered in the abstract corresponded to such a degree that the commission of one crime will result in the commission of the other. See *State v. Rance*, 85 Ohio St.3d 632, 636, 1999-Ohio-291, 710 N.E.2d 699. *Rance* was overruled in *Johnson*, so the analysis used in *Wallace* is no longer valid.

**{¶ 10}** The state charged Johnson with intimidation of a crime victim or witness in violation of R.C. 2921.04(B), which as charged stated that Johnson did knowingly, by unlawful threat of harm to any person or property, attempted to influence, intimidate, or hinder the victim of a crime in the filing or prosecution of criminal charges or an attorney or witness involved in a criminal action or proceeding in the discharge of the duties of the attorney or witness. There is nothing in the record to show a factual basis for this charge; however, we assume that it was premised on the victim in the earlier case in which Johnson violated postrelease control likewise being the same victim in this case. This assumption is supported by Johnson's assigned errors.

**{¶ 11}** The menacing by stalking offense was filed under R.C. 2903.211(A)(1), which as charged stated that Johnson engaged in a pattern of conduct to knowingly cause the victim to believe that he would cause physical harm to her or that he did cause mental distress to her. During sentencing, defense counsel acknowledged that Johnson made 967 telephone calls to the victim. The state also presented a two-inch stack of papers

that Johnson sent to the victim. The contents of these telephone calls and letters are not contained in the record. Defense counsel told the court that "the tone of 99 percent of his letters were not 'I'm going to get you' type of letters" but were "'can we work this out, please, baby' types of letters."

{¶ 12} The absence of any facts showing the basis for the guilty pleas makes it impossible for us to conclude that the conduct involved in intimidation was the same as the conduct involved for menacing by stalking. Given the sheer number of times that Johnson contacted the victim, both by telephone and in writing, it is highly likely that the charged offenses were not committed at precisely the same time, so by definition the offenses could not be allied. Indeed, the act of physically writing something would suggest that it was not done at the same time the telephone calls were placed. There being no evidence in the record to suggest otherwise, we conclude that the offenses were not allied.

III

{¶ 13} For his third assignment of error, Johnson argues that he was improperly convicted of attempted intimidation because the offense of intimidation includes an attempt. According to Johnson, this was a "non-offense because it would be impossible to attempt to attempt the commission of that offense."

{¶ 14} While it is true that a charge of attempted intimidation is not a cognizable crime because it charges an attempt to commit an attempt, see *State v. Harper*, 3d Dist. No 1-05-79, 2007-Ohio-109, there is no error in this case. In *State v. Mramor* (Oct. 2,

1986), 8th Dist. No. 50976 and *State v. Guillem* (Dec. 2, 1999), 8th Dist. No. 79995, we held that defendants who entered guilty pleas to "attempts" in order to lower the degree of their offenses benefitted from the error, despite their convictions for crimes that were not cognizable at law. Having received lesser sentences by pleading to an attempt to commit the predicate attempt offense, they could not demonstrate the "manifest injustice" required for a successful motion filed pursuant to Crim.R. 32.1.

{¶ 15} While this case admittedly does not involve a motion to withdraw a guilty plea, the fact remains that Johnson benefitted from his guilty plea to attempted intimidation because it lowered the degree of his offense from a third degree felony to a fourth degree felony, thus reducing his potential sentence. Johnson moreover failed to object to the indictment at the time of his plea, so we review this assignment for plain error, under which we can only reverse a judgment to prevent a manifest miscarriage of justice. *State v. Phillips*, 74 Ohio St.3d 72, 83, 1995-Ohio-171, 656 N.E.2d 643. During the plea colloquy, the court acknowledged that Johnson's plea bargain lowered the degree of offense, so the benefit to Johnson is obvious and no manifest miscarriage of justice occurred.

IV

{¶ 16} Johnson argues that the case was improperly charged in Cuyahoga County because the telephone calls and mail directed to the victim were sent from Lorain County. We summarily overrule this assignment because Johnson's guilty plea precludes him

from challenging the factual issue of venue. See *State v. McCarty* (1988), 55 Ohio App.3d 170, 563 N.E.2d 350; *State v. Fort*, 8th Dist. No. 80604, 2002-Ohio-5068, ¶45.

V

{¶ 17} For his fifth assignment of error, Johnson complains that the court abused its discretion by sentencing him to consecutive, maximum sentences without first making any factual findings to support those sentences. We summarily reject this argument on the authority of *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, in which the Ohio Supreme Court held that "[t]rial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made." Id. at paragraph three of the syllabus.

VI

{¶ 18} Johnson next argues that the court abused its discretion during sentencing by impermissibly relying on facts outside the indictment to justify the length of the sentence. The court cited to a newspaper story about a stalker who, despite being the subject of a protection order against the victim, shot and killed both her and himself. The court said that it "told that very sad story about what's happened very recently to help you [Johnson] appreciate why everybody takes stalking violations very seriously ***."

{¶ 19} There is no abuse of discretion. R.C. 2929.11(A) states:

{¶ 20} "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve

those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."

{¶ 21} The court's reference to news reports of another stalking with a tragic end simply underscored the seriousness of Johnson's conduct, the need to protect the public (or more accurately, the victim), and the need to punish Johnson for his inability to refrain from stalking the victim despite having previously been convicted of the offense. In fact, the court told Johnson that the recidivist nature of his stalking makes him "look like a very scary, unpredictable, dangerous person." The court was acting well within its discretion to reference outside news reports as a basis for incarcerating Johnson.

VII

{¶ 22} Finally, Johnson argues that defense counsel was ineffective for failing to raise double jeopardy, for failing to object to venue, for failing to request a merger of offenses and for failing to object to the court referencing outside material for purposes of sentencing. In light of our prior analysis of these issues, we overrule this assigned error.

{¶ 23} We also point out that Johnson fails to separately argue his assertions under this assignment of error. In fact, apart from a rote citation to *Strickland v. Washington* (1984), 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674, there is no argument as to how these errors affected the outcome of the case. Johnson only states that "[c]ounsel failed to call to the attention of the court various matters which would have changed the outcome of the case." This kind of "catch-all" ineffective assistance of

counsel argument is made in violation of App.R. 16(A)(7), which requires the appellant to make an argument "containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions ***."

Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, PRESIDING JUDGE

JAMES J. SWEENEY, J., and
KENNETH A. ROCCO, J., CONCUR