[Cite as *State v. Johnson*, 2012-Ohio-1827.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96064**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CHARLES JOHNSON

DEFENDANT-APPELLANT

## JUDGMENT:
## APPLICATION DENIED

Cuyahoga County Court of Common Pleas
Case No. CR-539760
Application for Reopening
Motion No. 450122

**RELEASE DATE:** April 25, 2012

**FOR APPELLANT**

Charles Johnson, pro se
Inmate No. 593-732
Belmont Correctional Institution
P.O. Box 540
St. Clairsville, Ohio   43950


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
By:     Mark J. Mahoney
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, OH   44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Charles Johnson has filed a timely application for reopening pursuant to App.R. 26(B). Johnson is attempting to reopen the appellate judgment, as rendered in *State v. Johnson*, 8th Dist. No. 96064, 2011-Ohio-4954, which affirmed his plea of guilty and sentence of incarceration with regard to one count of attempted intimidation of a crime witness or witnesses and one count of menacing by stalking.

{¶2} In his application for reopening, Johnson argues three proposed assignments of error in support of his claim of ineffective assistance of appellate counsel. Johnson raises three issues through his proposed assignments of error: (1) improperly convicted of attempted intimidation; (2) criminal case was improperly charged in Cuyahoga County, specifically improper venue, because the telephone calls and mail directed to the victim were sent from Lorain County; and (3) trial court abused its discretion, during sentencing, by relying on facts outside of the indictment.

{¶3} Each of the aforesaid issues, as currently presented by Johnson through his application for reopening, have been previously raised and addressed through the underlying appeal. The following issues were raised and addressed upon direct appeal: (1) assignment of error one — double jeopardy; (2) assignment of error two — allied offenses of similar import/merger for sentencing; (3) assignment of error three — improperly convicted of the offense of intimidation; (4) assignment of error four — improper venue for indictment; (5) assignment of error five — improper sentence based upon consecutive, maximum sentences; (6) assignment of error six — trial court abused

its discretion by relying upon facts outside of the indictment for sentencing purposes; and ( 7) assignment of error seven — ineffective assistance of trial counsel. The issues currently argued by Johnson were previously argued and found to be without merit through assignments of error three, four, and six.

{¶4} The doctrine of res judicata prevents this court form reopening Johnson's appeal. Errors of law that were previously raised on appeal may be barred from further review vis-a-vis the doctrine of res judicata. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). The Supreme Court of Ohio has also established that a claim of ineffective assistance of appellate counsel may be barred from further review, by the doctrine of res judicata, unless circumstances render the application of the doctrine unjust. *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992); *State v. Williams*, 8th Dist. No. 57988, 1991 WL 21261 (March 4, 1991), reopening disallowed (Aug. 15, 1994), Motion No. 252614. Thus, the doctrine of res judicata bars any further consideration of the issues as raised by Johnson in support of his claim of ineffective assistance of appellate counsel. *State v. Dehler*, 73 Ohio St.3d 307, 1995-Ohio-320, 652 N.E.2d 987; *State v. Terrell*, 72 Ohio St.3d 247, 1995-Ohio-54, 648 N.E.2d 1352. We further find that the facts and circumstances, pertinent to this claim of ineffective assistance of appellate counsel, do not render the application of the doctrine of res judicata unjust. *State v. Murnahan*, *supra*.

{¶5} Accordingly, the application for reopening is denied.

FRANK D. CELEBREZZE, JR., JUDGE

MELODY J. STEWART, P.J., and
COLLEEN CONWAY COONEY, J., CONCUR