[Cite as *Petrovich v. Sroczynski*, 2017-Ohio-4182.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104857**

## RAD PETROVICH

PLAINTIFF-APPELLEE

vs.

## MATTHEW SROCZYNSKI

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Euclid Municipal Court
Case No. 15 CVI 03453

**BEFORE:** Stewart, P.J., S. Gallagher, J., and Jones, J.

**RELEASED AND JOURNALIZED:** June 8, 2017

**ATTORNEY FOR APPELLANT**

David M. Lynch
David M. Lynch, Attorney At Law
333 Babbitt Road, Suite 333
Euclid, OH 44123


**FOR APPELLEE**

Rad Petrovich, pro se
641 Walnut Drive
Euclid, OH 44132

MELODY J. STEWART, P.J.:

**{¶1}** The trial court granted judgment to plaintiff-appellee Rad Petrovich on his small claims complaint that defendant-appellant Matthew Sroczynski breached a contract by failing to perform home remodeling work as promised. The sole assignment of error in this appeal is that the magistrate who presided over the trial erred by refusing to allow Sroczynski to call two witnesses.

**{¶2}** Sroczynski had two witnesses "waiting in the hallway" prepared to testify on his behalf at the trial, but the magistrate "stopped" him from calling those witnesses. He argues that by doing so, the magistrate violated his due process right to call witnesses. Sroczynski's reference to the transcript in support of his argument does not exemplify this error as required by App.R. 16(A)(7). Nothing in the transcript shows that the court made any specific ruling regarding Sroczynski's witnesses (although it is clear that they did not testify), so we have no basis for finding error. *State v. Johnson*, 8th Dist. Cuyahoga No. 96064, 2011-Ohio-4954, ¶ 3.

**{¶3}** Even if Sroczynski could show that the court prevented his witnesses from testifying, nothing in the record would show that decision to be an abuse of discretion.

**{¶4}** This case arose from the small claims division of the municipal court, so the Ohio Rules of Evidence do not apply. *See* Evid.R. 101(C)(8). Even with the absence of formal rules of evidence, the court has broad discretion to regulate the admission or exclusion of evidence in small claims cases. *Wilson v. Whitmore*, 8th Dist. Cuyahoga

No. 94720, 2010-Ohio-5489, ¶ 13; *Sanders v. Blue*, 8th Dist. Cuyahoga No. 102447, 2015-Ohio-4376, ¶ 19.

{**¶5**} The transcript shows only that Sroczynski told the court that his witnesses "would agree that I'm the same way [sic] that that's how I work. I've [sic] very detailed, I try to make sure that things are right. I try to ... I'm honest as possible, I mean, I want to make sure that I don't have a misunderstanding with the Better Business Bureau." Sroczynski's reputation as a contractor was irrelevant to the question of whether he breached his contract with Petrovich — a breach of contract claim does not put the defendant's character into issue. Excluding irrelevant evidence would have been well within the court's discretion. *Johnson v. Monroe Realty Co.*, 8th Dist. Cuyahoga No. 67964, 1995 Ohio App. LEXIS 2138, 6 (May 25, 1995).

{**¶6**} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Euclid Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, PRESIDING JUDGE
SEAN C. GALLAGHER, J., and
LARRY A. JONES, SR., J., CONCUR